IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOT POWER CONTROL, S.L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1305-MN |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD. ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER[1]

At Wilmington this **23rd** day of **April, 2024**, the court having considered the emergency motion of defendants Samsung Electronics Co., Ltd., *et al.* ("Samsung") to extend the fact discovery period for the limited purpose of taking a third-party deposition of Qualcomm Inc. ("Qualcomm") during the week of May 13, 2024,[2] and the associated filings (D.I. 115; D.I. 119; D.I. 120; D.I. 123), IT IS ORDERED that Samsung's motion is GRANTED for the following reasons:

**1. Background.** The fact discovery deadline in this case expired on April 1, 2024. (D.I. 103) Samsung moves to extend the fact discovery deadline to May 17, 2024 for the limited purpose of taking a third-party deposition of Qualcomm. (D.I. 115) Samsung represents that document and deposition discovery from Qualcomm is relevant to this patent infringement litigation because Qualcomm supplied Samsung with software and baseband processors that

---

[1] On April 10, 2024, the parties consented to the jurisdiction of the Magistrate Judge to "conduct any and all proceedings and enter a final order" on the instant motion. (D.I. 124)

[2] The pending motion corresponds with the relief sought by other defendants in related Civil Action Nos. 21-1302-MN and 21-1304-MN. The court's ruling is consistent across the related cases.

plaintiff TOT Power Control, S.L. ("Plaintiff") alleges perform the accused functionality. (*Id.* at 1)

2.  The record before the court shows that Samsung served document and deposition subpoenas on Qualcomm in April of 2023. (D.I. 50) Qualcomm did not begin producing documents responsive to the subpoenas until September of 2023, and it subsequently made its source code available for Samsung's review in October of 2023. (D.I. 115 at 3) Plaintiff served its final infringement contentions on February 16, and Samsung served its final non-infringement contentions on March 1, 2024. (D.I. 88; D.I. 94) Qualcomm made a final document production on March 30, 2024. (D.I. 115 at 3)

3.  Plaintiff became aware of Samsung's intention to take Qualcomm's deposition during the last week of March, days before the close of fact discovery on April 1. (D.I. 119 at 1)

4.  **Legal standard.** Rule 16(b)(4) of the Federal Rules of Civil Procedure states that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (internal quotation marks omitted). The burden is on the moving party to demonstrate good cause and due diligence. *Compagnie des Grands Hotels d'Afrique S.A. v. Starwood Capital Grp. Global I LLC*, C.A. No. 18-654-RGA-SRF, 2019 WL 4740083, at *1 (D. Del. Sept. 27, 2019) (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)).

5.  **Analysis.** Samsung has shown good cause for the requested extension to the fact discovery deadline. As set forth at ¶ 2, *supra*, Samsung diligently sought discovery from Qualcomm during the fact discovery period. Samsung then confirmed its intention to depose

2

Qualcomm after its review of Qualcomm's source code, when Qualcomm completed its document production on March 30.

6. Although Plaintiff opposes the motion, Plaintiff filed its own motion to compel a deposition of Qualcomm in the Southern District of California on April 1, 2024, seeking authentication testimony from a records custodian and a further document production related to the Qualcomm document produced at the end of March. (D.I. 123, Ex. A) Plaintiff's motion to compel emphasizes the importance of the recent document production and the need for follow-up discovery on the document. (*Id.*)

7. The scope of the requested extension is narrowly limited to a deposition of Qualcomm, as opposed to a wholesale reopening of fact discovery. Samsung has coordinated with Qualcomm and the defendants in related Civil Action Nos. 21-1302-MN and 21-1304-MN to efficiently depose Qualcomm in a timely manner based on Qualcomm's availability. The Qualcomm deposition is scheduled to occur nearly two months before opening expert reports are due, and it is therefore unlikely to disrupt the balance of the scheduling order. (D.I. 30)

8. Plaintiff raises the issue of authenticating Qualcomm's documents produced during discovery. Plaintiff sought to obtain a stipulation as to the authenticity and business record status of Qualcomm's documents and source code, which would eliminate the need to depose a Qualcomm records custodian. (D.I. 119 at 1, 4) Plaintiff speculates that Samsung's failure to stipulate to the admissibility of third-party documents is related to Samsung's pursuit of the instant motion. (*Id.*) But Plaintiff's obligation to authenticate third-party records has no bearing on Samsung's diligence in pursuing the deposition of a subpoenaed third party. Plaintiff has since moved to compel a deposition and the production of a document from Qualcomm in the Southern District of California. (D.I. 123, Exs. A-B)

9. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Samsung's motion is GRANTED. (D.I. 115) The fact discovery deadline is extended to May 17, 2024 for the limited purpose of obtaining deposition testimony from third-party Qualcomm. The length of the deposition shall be governed by the Federal Rules of Civil Procedure.

_____
Sherry R. Fallon
United States Magistrate Judge