IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TOT POWER CONTROL, S.L.,

        Plaintiff/Counterclaim Defendant,

    v.

SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG ELECTRONICS AMERICA, INC.,

        Defendants/Counterclaim Plaintiffs.

C.A. No. 21-1305-MN

███████████████

**REDACTED VERSION**

## LETTER TO THE HONORABLE SHERRY R. FALLON FROM ADAM W. POFF REGARDING SAMSUNG'S RESPONSIVE DISCOVERY DISPUTE LETTER

Of Counsel:

R. Paul Zeineddin
Megan R. Wood
Dipu A. Doshi
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
(202) 420-2200
paul.zeineddin@blankrome.com
megan.wood@blankrome.com
dipu.doshi@blankrome.com

Joshua S. Reisberg
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
josh.reisberg@blankrome.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Alexis N. Stombaugh (No. 6702)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com
astombaugh@ycst.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

Dated: April 17, 2024

Public Version filed: April 29, 2024

Dear Judge Fallon,

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") hereby respond to TOT's April 16 letter seeking an order compelling Samsung to produce two categories of information. (D.I. 129.) For the reasons discussed below, each of TOT's motions should be denied.

### **TOT's motion seeking additional data on *unaccused products* should be denied.**

TOT mischaracterizes the nature of the dispute as whether Samsung should be required to produce additional data regarding accused products. TOT is not seeking data on ***accused*** products. In reality, TOT is saying that they mistakenly identified accused products with more specificity than they wanted, and now want go back, after the final deadline, and broaden that identification. Accordingly, the issue is whether TOT should be permitted to expand the scope of accused products on the eve of the close of fact discovery to include products TOT failed to identify in its ***final*** list of accused products (Ex. A) served pursuant to the Court's Scheduling Order requiring that TOT "***finally supplement*** . . . the identification of all accused products" by January 26, 2024. (D.I. 30 at ¶ 13 as modified by D.I. 74 (emphasis added).) The answer, definitively, should be no. Allowing TOT to circumvent the Court's Order by broadening the scope of accused products would render the final deadline meaningless and authorize parties in patent litigation to use boilerplate language in final contentions—as TOT has done here—to reopen discovery at the 11th hour in violation of well-established procedural rules in this Court.

Because TOT is effectively seeking leave to supplement its January 26, 2024 final disclosure of accused products, TOT's motion is subject to a showing of good cause pursuant to Fed. R. Civ. P. 16(b)(4) as well as the case law in this District. Although the Scheduling Order entered in this case (D.I. 30) does not expressly reference that supplementations to final disclosures are subject to a showing of good cause, the fact that the Scheduling Order has deadlines directed to ***final*** disclosures effectively means that such supplementations after these deadlines require leave and are subject to a showing of good cause, or else the deadlines for finality would have no meaning. *See, e.g.*, *British Telecomm. PLC v. IAC/InteractiveCorp.*, No. 18-366-WCB, 2020 WL 3047989 (D. Del. June 8, 2020) (requiring good cause to amend final invalidity contentions where Scheduling Order did not reference good cause standard but required final contentions.); *Apex Clearing Corp. v. Axos Fin. Inc.*, No. 19-2066-MN, 2022 WL 3153857, at *1 (D. Del. Aug 8, 2022) (applying "good cause" standard to request to amend schedule); *see also Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V. v. Sirius XM Radio Inc.*, No. 17-184-JFB-SRF, 2022 WL 608143, at *2 (D. Del. Jan. 27, 2022) (applying "good cause" standard to request to amend contentions after contentions deadline).

No good cause exists for allowing TOT to undo the Court's January 26, 2024 deadline requiring that TOT provide its ***final*** list of accused products. At its core, "'good cause' requires a showing of diligence." *British Telecomm*, 2020 WL 3047989, at *2 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006)). TOT's lack of diligence is established by two key facts. ***First***, as is clearly evident from TOT's earliest disclosure of accused products submitted with its Amended Complaint filed nearly 2 years ago (D.I. 22-3 (Ex. B)), TOT had sufficient knowledge about Samsung's mobile devices to make an informed decision regarding which products to accuse of infringement. In that disclosure, TOT identified 144 products of infringement (110 smartphones, 25 tablets, and 7 watches). TOT's list

of accused products identified products in one of two ways. Some products were identified with models specifying a carrier designation.[1] For example, TOT identified four different versions of the Galaxy A6 of infringement: SM-A600A, SM-A600P, SM-A600T, and SM-A600U, corresponding to AT&T (A), Boost Mobile (P), T-Mobile (T), and Unlocked (U), respectively. (Ex. B at 1.) Other products did not include a carrier designation. (*Id.* at 6.)

To the extent TOT wanted to accuse all versions of a particular product of infringement, it clearly knew how to do so at the outset of this case. Instead, throughout discovery, TOT continued to rely on the same framework for identifying accused products that it used in its Amended Complaint. In its January 13, 2023 disclosure of accused products mandated by the Scheduling Order (D.I. 30 at ¶ 6), TOT accused the same 144 products of infringement that TOT cited as part of Exhibit C to its Amended Complaint. (Ex. C.) Later, in its January 24, 2023 requests for production seeking sales information relating to the accused products, TOT defined the term "Accused Products" to mean "the devices, identified by model or version number, listed in Appendix C to Plaintiff's Amended Complaint (D.I. 22-3) and any additional devices identified in TOT's supplemental disclosures thereafter." (Ex. D, Definitions at ¶ 8.) And finally, in its January 26, 2024 final supplementation required by the Scheduling Order (D.I. 30 at ¶ 13; D.I. 74), TOT did not deviate from the approach it took at the outset of the case. Other than expanding its list from 144 to 331 accused products, TOT's final list was structurally identical to its original list with most products being identified with carrier designations, and some being listed without carrier designations. (*See* Ex. A.)

TOT's position that it sufficiently established a right to financial data on ***unaccused products*** through boilerplate language in its initial infringement contentions reserving the ability to accuse unidentified future products (D.I. 129 at 1-2) should be rejected. Indeed, there would be no point to the Court-ordered deadlines requiring parties to identify accused products if the party can simply come back in contentions and broaden the scope of those disclosed products— ***especially in the context of a final disclosure of accused products***, which TOT is attempting to circumvent here. Infringement contentions in particular are meant to provide notice of a patentee's infringement positions with respect to the accused products previously identified, not afford the patentee a second opportunity to assert additional products.

The ***second*** key fact establishing TOT's lack of diligence is that TOT, at no point during the fact discovery period except at the very near close of fact discovery and nearly two months after TOT finalized its list of accused products did TOT ever demand additional financial data on additional products not specifically identified in its various mandatory disclosures of accused products required by the Scheduling Order, D.I. 30. (Exs. A & C.) To the extent that TOT had any dispute concerning the sufficiency of Samsung's production, it could have raised the issue as early as February 27, 2023—over one year ago—when Samsung made its initial production of sales information directed to sales of accused products in the U.S. TOT could have raised the issue again when Samsung made a revised production of U.S. sales information on January 25, 2024. Instead, TOT sat on its hands for 13 months while fact discovery proceeded to finality, and only two months after it submitted its final list of accused products did TOT raise any dispute regarding the sufficiency of Samsung's production of financial data relating to accused products.

---

[1] With respect to sales of mobile devices for use in cellular communications, it has been the industry's practice to sell products that are locked to a specific carrier (e.g., Verizon, AT&T, T-Mobile, etc.) or to sell products that are designated as "unlocked," meaning that the product is not locked to a specific carrier and can potentially function on different carriers' networks.

TOT's position that it "diligently reviewed Samsung's financial data and raised this issue as soon as it came to light" (D.I. 129 at 2) is unsupported.  TOT's purported diligent review, according to TOT's letter, consisted of an Internet search where TOT identified website information from 2020 purportedly showing U.S. sales of certain Samsung models, including the Galaxy A01, Galaxy Fold 5G, and Galaxy S10 Lite.  (D.I. 129 at PDF pp. 36-37 (Ex. 7).) Pointing to information that was publicly available even before this action was filed does not show diligence.  *See, e.g.*, *Mitsubishi Elec. Corp. v. TCL Commc'n Tech. Holdings Ltd.*, No. SACV 22-1073-GW-DFMX, 2023 WL 9421125, at 3 (C.D. Cal. Dec. 18, 2023) (denying leave to amend final infringement contentions where "[a]ll of the information necessary for Plaintiffs to file their . . . [c]ontentions . . . was publicly available and accessible with diligent effort prior to their serving of their [i]nitial infringement contentions"); *Canvs Corp. v. U.S.*, 107 Fed. Cl. 100, 107 (2012) (no good cause where publicly available information was available "well before . . . the time that [plaintiff] first filed this case").[2]

Even if TOT were diligent, Samsung would be prejudiced if TOT were permitted to circumvent the Court's deadline requiring final supplementation of accused products.  Indeed, throughout discovery, Samsung has relied on TOT's specified lists of accused products and is entitled to rely on TOT's ***final*** supplementation of accused as being just that—final.  Allowing TOT to broaden the scope of accused products at this late stage would require that Samsung engage in additional investigation while it is briefing claim construction, including by investigating whether unaccused models incorporate the accused functionality.  As shown by Samsung's response to TOT's interrogatories, different versions of the same product may have different internal modems.  (*See* Ex. F at Schedule A (showing highlighted examples of models incorporating both unaccused Samsung (Exynos) chipsets and accused Qualcomm chipsets).

### TOT's motion seeking financial information from SEC should be denied.

TOT's motion should be rejected for multiple reasons.  ***First***, as Samsung already explained to TOT, Samsung has agreed to produce sales and cost information from SEC relating to sales of accused products that were destined for sale in the U.S.  Samsung also agreed to provide a witness to provide Rule 30(b)(6) testimony concerning this data.  For these reasons, there is no present dispute between the parties requiring the Court's intervention.  *See Baxalta Inc. v. Bayer Healthcare LLC*, No. 17-1316-RGA-SRF, Order at 2 (D. Del. Sept. 9, 2019) (D.I. 289) (Ex. G) (denying motion to compel, in part, because Nektar previously agreed to provide Bayer with the requested information).

TOT's purported "concern" that such information, when produced, will be incomplete is not a dispute that is ripe for resolution by the Court.  But more fundamentally, TOT's concern is entirely unsupported and reflects a sheer lack of understanding as to how Amazon storefronts work.  TOT argues that "there are clearly other Samsung products sold in the United States that are not identified in SEA's sales." (D.I. 129 at 3.)  To support its position, TOT identifies an Amazon storefront operated by a company called Integron Technologies LLC, which appears to sell Samsung mobile devices, including SM-G770F.  (D.I. 129 at Ex. 8.)  But the mere fact that

---

[2] Moreover, the archived information is inapposite to the present dispute because, to the extent models corresponding to these products were listed on TOT's January 26, 2024 final list of accused products, and were sold by Samsung in the U.S. during the damages period, financial information regarding these products were produced.  (D.I. 129 at PDF pp. 33-34.)

there are third parties who may be selling Samsung mobile devices in the U.S. does not mean that such sales are attributable to SEA or SEC, or are within the scope of discovery. Indeed, anybody can operate an Amazon storefront and attempt to sell products obtained from any number of sources, including through private purchases. Moreover, the mere fact that TOT has identified a third party who sells Samsung devices in the U.S. does not mean that such third party is authorized to do so. As Samsung has already explained to TOT, all sales intended for the U.S. are made by SEA. (*Id.* at 3.) Further, as reflected in correspondence from March 26, 2024, Samsung explained that it has a number of authorized distribution channels in the U.S. through which sales by SEA are made—including carriers, authorized resellers (such as Amazon), and retailers (*e.g.*, Best Buy)—and that any such sales of accused products made downstream from SEA are reported in the financial data already produced. (Ex. E at 1.)

But despite this information, some of which was explored with Samsung's Rule 30(b)(6) witness designated to testify on SEA's financial information, TOT nevertheless attempts to baselessly suggest that Samsung is somehow hiding sales based on an Amazon storefront operated by a third party and taken out of context, and also erroneously suggests that "SEC . . . sells the [accused] products . . . to other entities for import into and sale in the United States." (D.I. 129 at 1.) At no point during this litigation did TOT propound any discovery directed to information about Integron or any other third-party purported source of Samsung mobile devices in the U.S. or importation into the U.S. Had TOT propounded such discovery, Samsung would have responded that Integron is ***not*** an authorized reseller and has no agreement with Samsung. Samsung would have further responded that SEC does not sell products to entities other than SEA "for import into and sale in the United States."

***Second***, TOT's motion should be rejected for failing to comply with the Local Rules. On its face, TOT appears to seek sweeping financial discovery on any foreign sales of accused products made by SEC to any entities outside the U.S. (*See* D.I. 129 at 3.) To the extent TOT is arguing that SEC should be required to provide sales data on accused products sold to or shipped to entities outside of the U.S., such a request was never raised with Samsung during any prior meet-and-confer, and TOT's April 16 submission does not confirm otherwise.

***Third***, to the extent the Court is inclined to address TOT's request on the merits despite that fact that TOT failed to even broach the issue as part of any prior meet-and-confer, TOT's motion should be rejected because the law is clear that Samsung's extraterritorial U.S. sales are beyond the scope of discovery in this case. Indeed, even if Samsung sold to entities outside of the U.S. who then imported those products into the U.S., the appropriate basis for infringement under U.S. law would be contributory or induced infringement under 35 U.S.C. §§ 271(b) or (c). TOT has neither pled in its complaint nor asserted in its contentions that Samsung is liable for contributory or induced infringement under sections 271(b) or (c). Accordingly, there is no basis for TOT to seek discovery directed to speculative contributory or induced infringement based on sales by SEC to entities outside of the U.S, which are irrelevant to TOT's pleaded allegations of infringement under Section 271(a).[3] *Sisk v. Sussex Cnty*., No. 11-121-RGA, 2012 WL 1970879, at *12 (D. Del. June 1, 2012) (plaintiff is "entitled to engage in discovery" only where a plausible claim is pled), *R&R* adopted, D.I. 25 (June 19, 2012).

---

[3] The *Uniloc* decision on which TOT relies (D.I. 129 at Ex. 11) does not suggest a contrary result. There, the issue was whether SEC should provide sales and cost information relating to its sales of accused products ***to SEA***, not to other entities outside of the United States. Samsung has already agreed to provide such information for the January 26, 2024 accused products.

Respectfully submitted,

*/s/Adam W. Poff*

Adam W. Poff (No. 3990)

AWP

cc: All Counsel of Record (via Electronic Mail)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOT POWER CONTROL, S.L., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | C.A. No. 21-cv-1305-MN |

**PLAINTIFF TOT POWER CONTROL, S.L.'S**
**SUPPLEMENTAL IDENTIFICATION OF THE ACCUSED PRODUCTS**

Plaintiff TOT POWER CONTROL, S.L. ("TOT") hereby submits its supplemental identification of the accused products according to the Stipulation and Order to Extend Time (D.I. 74).

TOT identifies the products and devices listed on Exhibit A as infringing U.S. Patent Nos. 7,532,865 and 7,496,376 (the "Patents-in-Suit"). While Samsung's earlier products are not "accused" in terms of being part of the damages period (six years prior to the filing of the complaint), the earlier products are relevant to determining the date of first infringement for the hypothetical negotiation, and Plaintiff has sought discovery on the earlier products. The parties are continuing to meet and confer regarding this discovery, and Plaintiff reserves its right to identify these products "as accused" for purposes of establishing the date of the hypothetical negotiation with Samsung.

These supplemental disclosures are made based upon information reasonably available to TOT at this time. These supplemental disclosures are without any concession, agreement,

1

admission, or waiver of any ultimate determination of relevance, admissibility, or discoverability

of particular information for any purpose. TOT's investigation is ongoing, and TOT reserves the

right to amend, supplement, revise, retract, clarify, and/or correct these supplemental disclosures

based upon its continued investigation, additional information obtained through discovery,

and/or other developments in this litigation.

TOT makes these disclosures without waiving any attorney-client privilege, work product

protection, common interest privilege, joint defense privilege, or any other applicable privilege

or protection.

Dated: January 26, 2024                              Respectfully submitted,


*/s/ M. Elizabeth Day*

Denise M. De Mory (*Pro Hac Vice*)          Brian E. Farnan (DE No. 4089)
M. Elizabeth Day (*Pro Hac Vice*)           Michael J. Farnan (DE No. 5165)
Corey Johanningmeier (*Pro Hac Vice*)       FARNAN LLP
BUNSOW DE MORY LLP                          919 North Market Street
701 El Camino Real                          12th Floor
Redwood City, CA 94063                      Wilmington, DE 19801
Tel.: (650) 351-7248                        Tel: (302) 777-0300
Fax: (415) 426-4744                         Fax: (302) 777-0301
ddemory@bdiplaw.com                         bfarnan@farnanlaw.com
eday@bdiplaw.com                            mfarnan@farnanlaw.com
cjohanningmeier@bdiplaw.com

Walter D. Kelley, Jr. (DC No. 987524)
*Admitted Pro Hac Vice*
Brian A. Ratner (DC Bar No. 473284)
*Admitted Pro Hac Vice*
Tara R. Zurawski (DC No. 980960)
*Admitted Pro Hac Vice*
HAUSFELD, LLP
888 16th Street, NW
Suite 300
Washington, DC 20006

Tel: (202) 540-7157
Fax: (202 540-7201
wkelley@hausfeld.com
bratner@hausfeld.com
tzurawski@hausfeld.com

Bruce J. Wecker (CA No. 0778530)
*Admitted Pro Hac Vice*
HAUSFELD, LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1907
bwecker@hausfeld.com


*Counsel for Plaintiff TOT Power Control, S.L.*

# EXHIBIT A

**SAMSUNG ACCUSED PRODUCTS**
**(Smartphones)**

| Model | Model Numbers |
|---|---|
| Galaxy A01 | SM-A015F |
| Galaxy A02s | SM-A025U |
| Galaxy A02s | SM-A025V |
| Galaxy A03 | SM-A320 |
| Galaxy A10e | SM-A102U |
| Galaxy A11 | SM-A115F |
| Galaxy A13 | SM-A135U |
| Galaxy A20 | SM-A205U |
| Galaxy A21s | SM-A217M |
| Galaxy A42 5G | SM-A426U |
| Galaxy A50 | SM-A505U |
| Galaxy A51 | SM-A515F |
| Galaxy A51 5G | SM-A516U |
| Galaxy A51 5G UW | SM-A516V |
| Galaxy A52 5G | SM-A526U |
| Galaxy A53 5G | SM-A536U |
| Galaxy A6 | SM-A600A |
| Galaxy A6 | SM-A600P |
| Galaxy A6 | SM-A600T |
| Galaxy A6 | SM-A600U |
| Galaxy A71 5G | SM-A716U |
| Galaxy A71 5G UW | SM-A716V |
| Galaxy Z Flip | SM-F700U |
| Galaxy Z Flip 5G | SM-F707U |
| Galaxy Z Flip3 5G | SM-F711U |
| Galaxy Fold | SM-F900U |
| Galaxy Fold 5G | SM-F907U |
| Galaxy Z Fold2 5G | SM-F916U |
| Galaxy Z Fold3 5G | SM-F926U |
| Galaxy XCover Pro | SM-G715U |
| Galaxy S10 Lite | SM-G770F |
| Galaxy S20 FE 5G | SM-G781U |
| Galaxy S20 FE 5G UW | SM-G781V |
| Galaxy S8 Active | SM-G892A |
| Galaxy S8 Active | SM-G892U |
| Galaxy S6 | SM-G920A |
| Galaxy S7 | SM-G930A |
| Galaxy S7 | SM-G930P |
| Galaxy S7 | SM-G930R |

| Model | Model Numbers |
|---|---|
| Galaxy S7 | SM-G930T |
| Galaxy S7 | SM-G930U |
| Galaxy S7 | SM-G930V |
| Galaxy S7 edge | SM-G935A |
| Galaxy S7 edge | SM-G935P |
| Galaxy S7 edge | SM-G935R |
| Galaxy S7 edge | SM-G935T |
| Galaxy S7 edge | SM-G935U |
| Galaxy S8 | SM-G950U |
| Galaxy S8+ | SM-G955U |
| Galaxy S8+ | SM-G955A |
| Galaxy S8+ | SM-G955P |
| Galaxy S8+ | SM-G955T |
| Galaxy S8+ | SM-G955V |
| Galaxy S9 | SM-G960U |
| Galaxy S9+ | SM-G965U |
| Galaxy S10e | SM-G970U |
| Galaxy S10 | SM-G973U |
| Galaxy S10+ | SM-G975U |
| Galaxy S10 5G | SM-G977P |
| Galaxy S10 5G | SM-G977T |
| Galaxy S10 5G Crown Silver | SM-G977U |
| Galaxy S20 5G | SM-G981U |
| Galaxy S20 5G UW | SM-G981V |
| Galaxy S20+ 5G | SM-G986U |
| Galaxy S20 Ultra 5G | SM-G988U |
| Galaxy S21 5G | SM-G991U |
| Galaxy S21+ 5G | SM-G996U |
| Galaxy S21 Ultra 5G | SM-G998U |
| Galaxy S21 FE 5G | SM-G990U |
| Galaxy S22 Ultra | SM-S908U |
| Galaxy S22+ | SM-S906U |
| Galaxy S22 | SM-S901U |
| Galaxy J2 Dash | SM-J260A |
| Galaxy J2 | SM-J260T1 |
| Galaxy J3 | SM-J320A |
| Galaxy J3 Emerge | SM-J327P |
| Galaxy J3 2017 | SM-J327U |
| Galaxy Amp Prime 3 2018 | SM-J337A |
| Galaxy J3 Achieve 2018 | SM-J337P |
| Galaxy J3 Aura (US Cellular) | SM-J337R |
| Galaxy J3 Star | SM-J337T |

| Model | Model Numbers |
|---|---|
| Galaxy J3 2018 | SM-J337U |
| Galaxy J3 2018 | SM-J337V |
| Galaxy Halo | SM-J727A |
| Galaxy J7 Prime | SM-J727T |
| Galaxy J7 | SM-J727U |
| Galaxy J7 | SM-J727V |
| Galaxy J7 Perx | SM-J727P |
| Galaxy J7 | SM-J737A |
| Galaxy J7 Refine 2018 | SM-J737P |
| Galaxy J7 Star | SM-J737T |
| Galaxy J7 | SM-J737U |
| Galaxy J7 | SM-J737V |
| Galaxy Note5 | SM-N920A |
| Galaxy Note5 | SM-N920P |
| Galaxy Note5 | SM-N920R |
| Galaxy Note5 | SM-N920T |
| Galaxy Note5 | SM-N920V |
| Galaxy Note7 | SM-N930V |
| Galaxy Note7 | SM-N930A |
| Galaxy Note7 | SM-N930P |
| Galaxy Note7 | SM-N930T |
| Galaxy Note8 | SM-N950U |
| Galaxy Note9 | SM-N960U |
| Galaxy Note10 | SM-N970U |
| Galaxy Note10 5G | SM-N971U |
| Galaxy Note10+ CPO | SM-N975U |
| Galaxy Note10+ 5G | SM-N976U |
| Galaxy Note10+ 5G | SM-N976V |
| Galaxy Note20 5G | SM-N981U |
| Galaxy Note20 Ultra | SM-N986U |
| Galaxy A04 Core | Galaxy A04 Core |
| Galaxy A04S | SM-047F |
| Galaxy A05 | SM-A055F, SM-A055F/DS, SM-A055M, SM-A055M/DS |
| Galaxy A05s | SM-A057F, SM-A057F/DS, SM-A057M, SM-A057M/DS |
| Galaxy A14 | SM-A145F, SM-A145F/DSN, SM-A145M, SM-A145M/DS, SM-A145P, SM-A145R |

| Model | Model Numbers |
|---|---|
| Galaxy A14 5G | SM-A146B, SM-A146B/DS, SM-A146U, SM-A146U1, SM-A146U1/DS, SM-A146P/N, SM-A146P/DSN, SM-S146VL, SM-A146M |
| Galaxy A15 5G | SM-A156B, SM-A156B/DS, SM-A156P, SM-A156P/DS, SM-A156U, SM-A156U1, SM-A156U1/DS, SM-A156P/DSN, SM-S156VL, SM-A156M, SM-A156E, SM-A156E/DSN |
| Galaxy A23 | SM-A235F, SM-A235F/DS, SM-A235F/DSN, SM-A235M, SM-A235M/DS |
| Galaxy A23 5G | SM-A236U, SM-A236U1, SM-A236B, SM-A236B/DS, SM-A236B/DSN, SM-A236E |
| Galaxy A25 | SM-A256, SM-A256E/DSN |
| Galaxy A33 5G | SM-A336E, SM-A336B, SM-A336B/DS, SM-A336B/DSN, SM-A336E/DS, SM-A336M, SM-A3360 |
| Galaxy A53 5G | SM-A536B, SM-A536B/DS, SM-A536U, SM-A536U1, SM-A5360, SM-A536E, SM-A536E/DS, SM-A536V, SM-S536DL |
| Galaxy A54 | SM-A546V, SM-A546U, SM-A546U1, SM-A546B, SM-A546B/DS, SM-A546E, SM-A546E/DS |
| Galaxy A73 5G | SM-A736B, SM-A736B/DS |
| Galaxy F13 | SM-E135F, SM-E135F/DS |
| Galaxy F14 | SM-E146B, SM-E146B/DS |
| Galaxy F23 | SM-E236B, SM-E236B/DS |
| Galaxy F34 | SM-E346B, SM-E346B/DS |
| Galaxy F54 | SM-E546B, SM-E546B/DS |
| Galaxy M13 | SM-M135F, SM-M135F/DSN |

| Model | Model Numbers |
|---|---|
| Galaxy M14 | SM-M146B, SM-M146B/DS, SM-M146B/DSN |
| Galaxy M23 | SM-M236B, SM-M236B/DS, SM-M236L |
| Galaxy M33 | SM-M336B, SM-M336B/DS, SM-M336BU, SM-M336BU/DS, SM-M336K |
| Galaxy M34 5G | SM-M346B, SM-M346B/DS |
| Galaxy M54 | SM-M546B, SM-M546B/DS |
| Galaxy S23 | SM-S911B, SM-S911B/DS, SM-S911U, SM-S911U1, SM-S911E, SM-S911E/DS |
| Galaxy S23 FE | SM-S711B, SM-S711B/DS, SM-S711U1, SM-S711U |
| Galaxy S23 Ultra | SM-S918, SM-S918B, SM-S918B/DS, SM-S918U, SM-S918U1, SM-S918E, SM-S918E/DS |
| Galaxy S23+ | SM-S916B, SM-S916B/DS, SM-S916U, SM-S916U1, SM-S9160, SM-S916E, SM-S916E/DS |
| Galaxy S24 | SM-S921, SM-S921B, SM-S921B/DS, SM-S921U, SM-S921U1, SM-S921E, SM-S921E/DS |
| Galaxy S24 Ultra | SM-S928B, SM-S928B/DS, SM-S928U, SM-S928U1, SM-S928E, SM-S928E/DS |
| Galaxy S24+ | SM-S926, SM-S926B, SM-S926B/DS, SM-S926U, SM-S926U1, SM-S926E, SM-S926E/DS |
| Galaxy XCover6 Pro | SM-G556B, SM-G556BU1, SM-G556B/DS |
| Galaxy Z Flip4 | SM-F721B, SM-F721B/DS, SM-F721U, SM-F721U1 |
| Galaxy Z Flip5 | SM-F731B, SM-F731B/DS, SM-F731U, SM-F731U1 |
| Galaxy Z Fold4 | SM-F936B, SM-F936B/DS, SM-F936U, SM-F936U1 |

| Model | Model Numbers |
|---|---|
| Galaxy Z Fold5 | SM-F946B, SM-F946B/DS, SM-F946U, SM-F946U1 |

## SAMSUNG ACCUSED PRODUCTS
### (Tablets)

| Model | Model Numbers |
|---|---|
| Samsung Galaxy Tab A 10.1 (2016) | P585 |
| Samsung Galaxy Tab A 10.1 (2016) | T585 |
| Samsung Galaxy Tab A 10.1 (2019) | SM-T515 |
| Samsung Galaxy Tab A 10.5 | SM-T595 |
| Samsung Galaxy Tab A 7.0 (2016) | SM-T285 |
| Samsung Galaxy Tab A 8.0 & S Pen (2019) | SM-P205 |
| Samsung Galaxy Tab A 8.0 (2017) | SM-T385 |
| Samsung Galaxy Tab A 8.0 (2018) | SM-T387V |
| Samsung Galaxy Tab A 8.0 (2019) | SM-T295 |
| Samsung Galaxy Tab A 8.4 (2020) | SM-T307U |
| Samsung Galaxy Tab A7 10.4 (2020) | SM-T505 |
| Samsung Galaxy Tab Active Pro | SM-T547U |
| Samsung Galaxy Tab S3 9.7 | SM-T825 |
| Samsung Galaxy Tab S4 10.5 | SM-T835 |
| Samsung Galaxy Tab S5e | SM-T725 |
| Samsung Galaxy Tab S6 | SM-T865 |
| Samsung Galaxy Tab S6 5G | T866N |
| Samsung Galaxy Tab S6 Lite | SM-P615 |
| Samsung Galaxy Tab S6 Lite (2022) | SM-P619 |
| Samsung Galaxy Tab S7 | SM-T875 |
| Samsung Galaxy Tab S7 | SM-T876B |
| Samsung Galaxy Tab S7 FE | T736B |
| Samsung Galaxy Tab S7+ | SM-T976B |
| Samsung Galaxy Tab S8 | SM-X706B |
| Samsung Galaxy Tab S8 Ultra | SM-X906B |
| Samsung Galaxy Tab S8+ | SM-X806B |
| Samsung Galaxy View2 | SM-T927A |
| Galaxy Tab A9+ | SM-X215, SM-X216B |
| Galaxy Tab Active4 Pro 5G | SM-T636B, SM-T638U |
| Galaxy Tab Active5 | SM-X306B |
| Galaxy Tab S9 | SM-X716B, SM-X718U |
| Galaxy Tab S9 FE | SM-X516B |
| Galaxy Tab S9 FE+ | SM-X616B |
| Galaxy Tab S9 Ultra | SM-X916B, SM-X918U, SM-X918U |

| Model | Model Numbers |
|-------|---------------|
| Galaxy Tab S9+ | SM-X816B, SM-X818U |

**SAMSUNG ACCUSED PRODUCTS**
**(Watches)**

| Model | Model Numbers |
|-------|---------------|
| Samsung Galaxy Watch | SM-R815W |
| Samsung Galaxy Watch Active2 | SM-R835U |
| Samsung Galaxy Watch3 | SM-R845U |
| Samsung Galaxy Watch4 | SM-R865U |
| Samsung Galaxy Watch4 Classic | SM-R895U |
| Samsung Gear S3 classic LTE | SM-R775V |
| Samsung Gear S3 frontier LTE | SM-R765V |
| Samsung Galaxy Watch 5 | SM-R905, SM-R915 |
| Samsung Galaxy Watch 5 Pro | SM-R925 |
| Samsung Galaxy Watch 6 | SM-R935, SM-R945 |
| Samsung Galaxy Watch 6 Classic | SM-R955, SM-R965 |

## <u>CERTIFICATE OF SERVICE</u>

On January 26, 2024, a copy of Plaintiff TOT POWER CONTROL, S.L.'s Supplemental

Identification of the Accused Products was served via electronic mail on the following counsel of

record:


Adam W. Poff
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com

R. Paul Zeineddin
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
paul.zeineddin@blankrome.com

Joshua S. Reisberg
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
josh.reisberg@blankrome.com


*Counsel for Defendants Samsung*
*Electronics Co., Ltd. and Samsung*
*Electronics America, Inc.*


 */s/ M. Elizabeth Day*
M. Elizabeth Day

# EXHIBIT B

# EXHIBIT C

# SAMSUNG ACCUSED PRODUCTS
Smartphones (w/ corresponding chipsets)

| Model | Model number | Chipset |
|---|---|---|
| Galaxy A01 | SM-A015F | Qualcomm SDM439 Snapdragon 439 |
| Galaxy A02s | SM-A025U | Qualcomm SDM450 Snapdragon 450 |
| Galaxy A02s (Verizon) | SM-A025V | Qualcomm SDM450 Snapdragon 450 |
| Galaxy A10e | SM-A102U | Exynos 7884 |
| Galaxy A11 | SM-A115F | Qualcomm SDM450 Snapdragon 450 |
| Galaxy A13 | SM-A135U | Exynos 850 |
| Galaxy A20 | SM-A205U | Exynos 7884 |
| Galaxy A21s | SM-A217M | Exynos 850 |
| Galaxy A42 5G | SM-A426U | Qualcomm SM7225 Snapdragon 750G 5G |
| Galaxy A50 | SM-A505U | Exynos 9610 |
| Galaxy A51 | SM-A515F | Exynos 9611 |
| Galaxy A51 5G | SM-A516U | Exynos 980 |
| Galaxy A51 5G UW (Verizon) | SM-A516V | Qualcomm SM7250 Snapdragon 765G 5G |
| Galaxy A52 5G | SM-A526U | Qualcomm SM7225 Snapdragon 750G 5G |
| Galaxy A53 5G | SM-A536U | Exynos 1280 |
| Galaxy A6 (AT&T) | SM-A600A | Exynos 7870 Octa |
| Galaxy A6 (Boost) | SM-A600P | Exynos 7870 Octa |
| Galaxy A6 (T-Mobile) | SM-A600T | Exynos 7870 Octa |
| Galaxy A6 (Unlocked) | SM-A600U | Exynos 7870 Octa |
| Galaxy A71 5G | SM-A716U | Exynos 980 |
| Galaxy A71 5G UW | SM-A716V | Qualcomm SM7250 Snapdragon 765G 5G |

| Galaxy Z Flip | SM-F700U | Qualcomm SM8150 Snapdragon 855+ |
|---|---|---|
| Galaxy Z Flip 5G | SM-F707U | Qualcomm SM8250 Snapdragon 865 5G+ |
| Galaxy Z Flip3 5G | SM-F711U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy Fold | SM-F900U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Fold 5G | SM-F907U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Z Fold2 5G | SM-F916U | Qualcomm SM8250 Snapdragon 865 5G+ |
| Galaxy Z Fold3 5G | SM-F926U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy XCover Pro | SM-G715U | Exynos 9611 |
| Galaxy S10 Lite | SM-G770F | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S20 FE 5G | SM-G781U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20 FE 5G UW | SM-G781V | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S8 Active (AT&T) | SM-G892A | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8 Active (Sprint) | SM-G892U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S6 (AT&T) | SM-G920A | Exynos 7420 Octa |
| Galaxy S7 (AT&T) | SM-G930A | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Boost) | SM-G930P | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (US Cellular) | SM-G930R | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Metro PCS) | SM-G930T | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Unlocked) | SM-G930U | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Verizon) | SM-G930V | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (AT&T) | SM-G935A | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (Sprint) | SM-G935P | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (US Cellular) | SM-G935R | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (T-Mobile) | SM-G935T | Qualcomm MSM8996 Snapdragon 820 |

| | | |
|---|---|---|
| Galaxy S7 edge | SM-G935U | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S8 | SM-G950U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ | SM-G955U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (AT&T) | SM-G955A | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (Sprint) | SM-G955P | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (T-Mobile) | SM-G955T | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (Verizon) | SM-G955V | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S9 | SM-G960U | Qualcomm SDM845 Snapdragon 845 |
| Galaxy S9+ | SM-G965U | Qualcomm SDM845 Snapdragon 845 |
| Galaxy S10e | SM-G970U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 | SM-G973U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10+ | SM-G975U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 5G (Sprint) | SM-G977P | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 5G (T-Mobile) | SM-G977T | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 5G Crown Silver, (Verizon) | SM-G977U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S20 5G | SM-G981U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20 5G UW | SM-G981V | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20+ 5G | SM-G986U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20 Ultra 5G | SM-G988U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S21 5G | SM-G991U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S21+ 5G | SM-G996U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S21 Ultra 5G | SM-G998U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S21 FE 5G | SM-G990U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S22 Ultra | SM-S908U | Qualcomm SM8450 Snapdragon 8 Gen 1 |

| Galaxy S22+ | SM-S906U | Qualcomm SM8450 Snapdragon 8 Gen 1 |
|---|---|---|
| Galaxy S22 | SM-S901U | Qualcomm SM8450 Snapdragon 8 Gen 1 |
| Galaxy J2 Dash | SM-J260A | Exynos 7570 Quad |
| Galaxy J2 | SM-J260T | Qualcomm Snapdragon 425 MSM8917 |
| Galaxy J3 (Unlocked) | SM-J320A | Exynos 3475 Quad |
| Galaxy J3 Emerge (Boost Mobile) | SM-J327P | Qualcomm MSM8937 Snapdragon 430 |
| Galaxy J3 2017 (Unlocked) | SM-J327U | Exynos 7570 Quad |
| Galaxy Amp Prime 3 2018 (Cricket) | SM-J337A | Exynos 7570 Quad |
| Galaxy J3 Achieve 2018 (Boost) | SM-J337P | Exynos 7570 Quad |
| Galaxy J3 Aura (US Cellular) | SM-J337R | Exynos 7570 Quad |
| Galaxy J3 Star (T-Mobile) | SM-J337T | Exynos 7570 Quad |
| Galaxy J3 2018 (Unlocked) | SM-J337U | Exynos 7570 Quad |
| Galaxy J3 2018 (Verizon) | SM-J337V | Exynos 7570 Quad |
| Galaxy Halo | SM-J727A | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 Prime (Metro by T-Mobile) | SM-J727T | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 (Unlocked) | SM-J727U | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 (Verizon) | SM-J727V | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 Perx | SM-J727P | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 (AT&T) | SM-J737A | Exynos 7870 Octa |
| Galaxy J7 Refine 2018 (Boost) | SM-J737P | Exynos 7870 Octa |
| Galaxy J7 Star (Metro by T-Mobile) | SM-J737T | Exynos 7870 Octa |
| Galaxy J7 (Unlocked) | SM-J737U | Exynos 7870 Octa |
| Galaxy J7 (Verizon) | SM-J737V | Exynos 7870 Octa |
| Galaxy Note5 (AT&T) | SM-N920A | Exynos 7420 Octa |

| Galaxy Note5 (Sprint) | SM-N920P | Exynos 7420 Octa |
|---|---|---|
| Galaxy Note5 (US Cellular) | SM-N920R | Exynos 7420 Octa |
| Galaxy Note5 (T-Mobile) | SM-N920T | Exynos 7420 Octa |
| Galaxy Note5 (Verizon) | SM-N920V | Exynos 7420 Octa |
| Galaxy Note7 (Verizon) | SM-N930V | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note7 (AT&T) | SM-N930A | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note7 (Sprint) | SM-N930P | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note7 (T-Mobile) | SM-N930T | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note8 | SM-N950U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy Note9 | SM-N960U | Qualcomm SDM845 Snapdragon 845 |
| Galaxy Note10 | SM-N970U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10 5G | SM-N971U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10+ CPO | SM-N975U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10+ 5G | SM-N976U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10+ 5G (Verizon) | SM-N976V | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note20 5G | SM-N981U | Qualcomm SM8250 Snapdragon 865 5G+ |
| Galaxy Note20 Ultra 5G | SM-N986U | Qualcomm SM8250 Snapdragon 865 5G+ |

# SAMSUNG ACCUSED PRODUCTS

Tablets (w/corresponding transceiver)

| Model | Model Number | Transceiver |
|---|---|---|
| Samsung Galaxy Tab A 10.1 (2016) | T585/P585 | Exynos 7870 Octa |
| Samsung Galaxy Tab A 10.1 (2019) | SM-T515 | Exynos 7904 |
| Samsung Galaxy Tab A 10.5 | SM-T595 | Qualcomm SDM450 Snapdragon 450 |
| Samsung Galaxy Tab A 7.0 (2016) | SM-T285 | Qualcomm MSM8916 Snapdragon 410 |
| Samsung Galaxy Tab A 8.0 & S Pen (2019) | SM-P205 | Exynos 7904 |
| Samsung Galaxy Tab A 8.0 (2017) | SM-T385 | Qualcomm MSM8917 Snapdragon 425 |
| Samsung Galaxy Tab A 8.0 (2018) | SM-T387V | Qualcomm MSM8917 Snapdragon 425 |
| Samsung Galaxy Tab A 8.0 (2019) | SM-T295 | Qualcomm SDM429 Snapdragon 429 |
| Samsung Galaxy Tab A 8.4 (2020) | SM-T307U | Exynos 7904 |
| Samsung Galaxy Tab A7 10.4 (2020) | SM-T505 | Qualcomm SM6115 Snapdragon 662 |
| Samsung Galaxy Tab Active Pro | SM-T547 | Qualcomm SDM670 Snapdragon 670 |
| Samsung Galaxy Tab S3 9.7 | SM-T825 | Qualcomm MSM8996 Snapdragon 820 |
| Samsung Galaxy Tab S4 10.5 | SM-T835 | Qualcomm MSM8998 Snapdragon 835 |
| Samsung Galaxy Tab S5e | SM-T725 | Qualcomm SDM670 Snapdragon 670 |
| Samsung Galaxy Tab S6 | SM-T865 | Qualcomm SM8150 Snapdragon 855 |
| Samsung Galaxy Tab S6 5G | T866N | Qualcomm SM8150 Snapdragon 855+ |
| Samsung Galaxy Tab S6 Lite | SM-P615 | Exynos 9611 |
| Samsung Galaxy Tab S6 Lite (2022) | SM-P619 | Qualcomm SM7125 Snapdragon 720G |
| Samsung Galaxy Tab S7 | SM-T875/SM-T876B | Qualcomm SM8250 Snapdragon 865 5G+ |
| Samsung Galaxy Tab S7 FE | T736B | Qualcomm SM7225 Snapdragon 750G 5G |
| Samsung Galaxy Tab S7+ | SM-T976B | Qualcomm SM8250 Snapdragon 865 5G+ |
| Samsung Galaxy Tab S8 | SM-X706 | Qualcomm SM8450 Snapdragon 8 Gen 1 |
| Samsung Galaxy Tab S8 Ultra | SM-X906 | Qualcomm SM8450 Snapdragon 8 Gen 1 |

| Samsung Galaxy Tab S8+ | SM-X806 | Qualcomm SM8450 Snapdragon 8 Gen 1 |
| Samsung Galaxy View2 | SM-T927A | Exynos 7884 |

# SAMSUNG ACCUSED PRODUCTS
Watches (w/ corresponding transceiver)

| Model | Model Number | Transceiver |
|---|---|---|
| Samsung Galaxy Watch | SM-815W | Exynos 9110 |
| Samsung Galaxy Watch Active2 | SM-R835U | Exynos 9110 |
| Samsung Galaxy Watch3 | SM-R845U | Exynos 9110 |
| Samsung Galaxy Watch4 | SM-R865U | Exynos W920 |
| Samsung Galaxy Watch4 Classic | SM-R895U | Exynos W920 |
| Samsung Gear S3 classic LTE | SM-R775 | Exynos 7 Dual 7270 |
| Samsung Gear S3 frontier LTE | SM-R765 | Exynos 7 Dual 7270 |

# EXHIBIT C

# SAMSUNG ACCUSED PRODUCTS

Smartphones (w/ corresponding chipsets)

| Model | Model number | Chipset |
|---|---|---|
| Galaxy A01 | SM-A015F | Qualcomm SDM439 Snapdragon 439 |
| Galaxy A02s | SM-A025U | Qualcomm SDM450 Snapdragon 450 |
| Galaxy A02s (Verizon) | SM-A025V | Qualcomm SDM450 Snapdragon 450 |
| Galaxy A10e | SM-A102U | Exynos 7884 |
| Galaxy A11 | SM-A115F | Qualcomm SDM450 Snapdragon 450 |
| Galaxy A13 | SM-A135U | Exynos 850 |
| Galaxy A20 | SM-A205U | Exynos 7884 |
| Galaxy A21s | SM-A217M | Exynos 850 |
| Galaxy A42 5G | SM-A426U | Qualcomm SM7225 Snapdragon 750G 5G |
| Galaxy A50 | SM-A505U | Exynos 9610 |
| Galaxy A51 | SM-A515F | Exynos 9611 |
| Galaxy A51 5G | SM-A516U | Exynos 980 |
| Galaxy A51 5G UW (Verizon) | SM-A516V | Qualcomm SM7250 Snapdragon 765G 5G |
| Galaxy A52 5G | SM-A526U | Qualcomm SM7225 Snapdragon 750G 5G |
| Galaxy A53 5G | SM-A536U | Exynos 1280 |
| Galaxy A6 (AT&T) | SM-A600A | Exynos 7870 Octa |
| Galaxy A6 (Boost) | SM-A600P | Exynos 7870 Octa |
| Galaxy A6 (T-Mobile) | SM-A600T | Exynos 7870 Octa |
| Galaxy A6 (Unlocked) | SM-A600U | Exynos 7870 Octa |
| Galaxy A71 5G | SM-A716U | Exynos 980 |
| Galaxy A71 5G UW | SM-A716V | Qualcomm SM7250 Snapdragon 765G 5G |

| Galaxy Z Flip | SM-F700U | Qualcomm SM8150 Snapdragon 855+ |
|---|---|---|
| Galaxy Z Flip 5G | SM-F707U | Qualcomm SM8250 Snapdragon 865 5G+ |
| Galaxy Z Flip3 5G | SM-F711U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy Fold | SM-F900U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Fold 5G | SM-F907U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Z Fold2 5G | SM-F916U | Qualcomm SM8250 Snapdragon 865 5G+ |
| Galaxy Z Fold3 5G | SM-F926U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy XCover Pro | SM-G715U | Exynos 9611 |
| Galaxy S10 Lite | SM-G770F | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S20 FE 5G | SM-G781U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20 FE 5G UW | SM-G781V | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S8 Active (AT&T) | SM-G892A | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8 Active (Sprint) | SM-G892U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S6 (AT&T) | SM-G920A | Exynos 7420 Octa |
| Galaxy S7 (AT&T) | SM-G930A | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Boost) | SM-G930P | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (US Cellular) | SM-G930R | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Metro PCS) | SM-G930T | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Unlocked) | SM-G930U | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 (Verizon) | SM-G930V | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (AT&T) | SM-G935A | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (Sprint) | SM-G935P | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (US Cellular) | SM-G935R | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S7 edge (T-Mobile) | SM-G935T | Qualcomm MSM8996 Snapdragon 820 |

| Galaxy S7 edge | SM-G935U | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy S8 | SM-G950U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ | SM-G955U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (AT&T) | SM-G955A | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (Sprint) | SM-G955P | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (T-Mobile) | SM-G955T | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S8+ (Verizon) | SM-G955V | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy S9 | SM-G960U | Qualcomm SDM845 Snapdragon 845 |
| Galaxy S9+ | SM-G965U | Qualcomm SDM845 Snapdragon 845 |
| Galaxy S10e | SM-G970U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 | SM-G973U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10+ | SM-G975U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 5G (Sprint) | SM-G977P | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 5G (T-Mobile) | SM-G977T | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S10 5G Crown Silver, (Verizon) | SM-G977U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy S20 5G | SM-G981U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20 5G UW | SM-G981V | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20+ 5G | SM-G986U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S20 Ultra 5G | SM-G988U | Qualcomm SM8250 Snapdragon 865 5G |
| Galaxy S21 5G | SM-G991U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S21+ 5G | SM-G996U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S21 Ultra 5G | SM-G998U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S21 FE 5G | SM-G990U | Qualcomm SM8350 Snapdragon 888 5G |
| Galaxy S22 Ultra | SM-S908U | Qualcomm SM8450 Snapdragon 8 Gen 1 |

| Galaxy S22+ | SM-S906U | Qualcomm SM8450 Snapdragon 8 Gen 1 |
| Galaxy S22 | SM-S901U | Qualcomm SM8450 Snapdragon 8 Gen 1 |
| Galaxy J2 Dash | SM-J260A | Exynos 7570 Quad |
| Galaxy J2 | SM-J260T | Qualcomm Snapdragon 425 MSM8917 |
| Galaxy J3 (Unlocked) | SM-J320A | Exynos 3475 Quad |
| Galaxy J3 Emerge (Boost Mobile) | SM-J327P | Qualcomm MSM8937 Snapdragon 430 |
| Galaxy J3 2017 (Unlocked) | SM-J327U | Exynos 7570 Quad |
| Galaxy Amp Prime 3 2018 (Cricket) | SM-J337A | Exynos 7570 Quad |
| Galaxy J3 Achieve 2018 (Boost) | SM-J337P | Exynos 7570 Quad |
| Galaxy J3 Aura (US Cellular) | SM-J337R | Exynos 7570 Quad |
| Galaxy J3 Star (T-Mobile) | SM-J337T | Exynos 7570 Quad |
| Galaxy J3 2018 (Unlocked) | SM-J337U | Exynos 7570 Quad |
| Galaxy J3 2018 (Verizon) | SM-J337V | Exynos 7570 Quad |
| Galaxy Halo | SM-J727A | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 Prime (Metro by T-Mobile) | SM-J727T | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 (Unlocked) | SM-J727U | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 (Verizon) | SM-J727V | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 Perx | SM-J727P | Qualcomm MSM8953 Snapdragon 625 |
| Galaxy J7 (AT&T) | SM-J737A | Exynos 7870 Octa |
| Galaxy J7 Refine 2018 (Boost) | SM-J737P | Exynos 7870 Octa |
| Galaxy J7 Star (Metro by T-Mobile) | SM-J737T | Exynos 7870 Octa |
| Galaxy J7 (Unlocked) | SM-J737U | Exynos 7870 Octa |
| Galaxy J7 (Verizon) | SM-J737V | Exynos 7870 Octa |
| Galaxy Note5 (AT&T) | SM-N920A | Exynos 7420 Octa |

| | | |
|---|---|---|
| Galaxy Note5 (Sprint) | SM-N920P | Exynos 7420 Octa |
| Galaxy Note5 (US Cellular) | SM-N920R | Exynos 7420 Octa |
| Galaxy Note5 (T-Mobile) | SM-N920T | Exynos 7420 Octa |
| Galaxy Note5 (Verizon) | SM-N920V | Exynos 7420 Octa |
| Galaxy Note7 (Verizon) | SM-N930V | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note7 (AT&T) | SM-N930A | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note7 (Sprint) | SM-N930P | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note7 (T-Mobile) | SM-N930T | Qualcomm MSM8996 Snapdragon 820 |
| Galaxy Note8 | SM-N950U | Qualcomm MSM8998 Snapdragon 835 |
| Galaxy Note9 | SM-N960U | Qualcomm SDM845 Snapdragon 845 |
| Galaxy Note10 | SM-N970U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10 5G | SM-N971U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10+ CPO | SM-N975U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10+ 5G | SM-N976U | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note10+ 5G (Verizon) | SM-N976V | Qualcomm SM8150 Snapdragon 855 |
| Galaxy Note20 5G | SM-N981U | Qualcomm SM8250 Snapdragon 865 5G+ |
| Galaxy Note20 Ultra 5G | SM-N986U | Qualcomm SM8250 Snapdragon 865 5G+ |

# SAMSUNG ACCUSED PRODUCTS
### Tablets (w/corresponding transceiver)

| Model | Model Number | Transceiver |
|---|---|---|
| Samsung Galaxy Tab A 10.1 (2016) | T585/P585 | Exynos 7870 Octa |
| Samsung Galaxy Tab A 10.1 (2019) | SM-T515 | Exynos 7904 |
| Samsung Galaxy Tab A 10.5 | SM-T595 | Qualcomm SDM450 Snapdragon 450 |
| Samsung Galaxy Tab A 7.0 (2016) | SM-T285 | Qualcomm MSM8916 Snapdragon 410 |
| Samsung Galaxy Tab A 8.0 & S Pen (2019) | SM-P205 | Exynos 7904 |
| Samsung Galaxy Tab A 8.0 (2017) | SM-T385 | Qualcomm MSM8917 Snapdragon 425 |
| Samsung Galaxy Tab A 8.0 (2018) | SM-T387V | Qualcomm MSM8917 Snapdragon 425 |
| Samsung Galaxy Tab A 8.0 (2019) | SM-T295 | Qualcomm SDM429 Snapdragon 429 |
| Samsung Galaxy Tab A 8.4 (2020) | SM-T307U | Exynos 7904 |
| Samsung Galaxy Tab A7 10.4 (2020) | SM-T505 | Qualcomm SM6115 Snapdragon 662 |
| Samsung Galaxy Tab Active Pro | SM-T547 | Qualcomm SDM670 Snapdragon 670 |
| Samsung Galaxy Tab S3 9.7 | SM-T825 | Qualcomm MSM8996 Snapdragon 820 |
| Samsung Galaxy Tab S4 10.5 | SM-T835 | Qualcomm MSM8998 Snapdragon 835 |
| Samsung Galaxy Tab S5e | SM-T725 | Qualcomm SDM670 Snapdragon 670 |
| Samsung Galaxy Tab S6 | SM-T865 | Qualcomm SM8150 Snapdragon 855 |
| Samsung Galaxy Tab S6 5G | T866N | Qualcomm SM8150 Snapdragon 855+ |
| Samsung Galaxy Tab S6 Lite | SM-P615 | Exynos 9611 |
| Samsung Galaxy Tab S6 Lite (2022) | SM-P619 | Qualcomm SM7125 Snapdragon 720G |
| Samsung Galaxy Tab S7 | SM-T875/SM-T876B | Qualcomm SM8250 Snapdragon 865 5G+ |
| Samsung Galaxy Tab S7 FE | T736B | Qualcomm SM7225 Snapdragon 750G 5G |
| Samsung Galaxy Tab S7+ | SM-T976B | Qualcomm SM8250 Snapdragon 865 5G+ |
| Samsung Galaxy Tab S8 | SM-X706 | Qualcomm SM8450 Snapdragon 8 Gen 1 |
| Samsung Galaxy Tab S8 Ultra | SM-X906 | Qualcomm SM8450 Snapdragon 8 Gen 1 |

| Samsung Galaxy Tab S8+ | SM-X806 | Qualcomm SM8450 Snapdragon 8 Gen 1 |
| Samsung Galaxy View2 | SM-T927A | Exynos 7884 |

# SAMSUNG ACCUSED PRODUCTS

Watches (w/ corresponding transceiver)

| Model | Model Number | Transceiver |
|---|---|---|
| Samsung Galaxy Watch | SM-815W | Exynos 9110 |
| Samsung Galaxy Watch Active2 | SM-R835U | Exynos 9110 |
| Samsung Galaxy Watch3 | SM-R845U | Exynos 9110 |
| Samsung Galaxy Watch4 | SM-R865U | Exynos W920 |
| Samsung Galaxy Watch4 Classic | SM-R895U | Exynos W920 |
| Samsung Gear S3 classic LTE | SM-R775 | Exynos 7 Dual 7270 |
| Samsung Gear S3 frontier LTE | SM-R765 | Exynos 7 Dual 7270 |

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOT POWER CONTROL, S.L., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | C.A. No. 21-cv-1305-MN |

**PLAINTIFF TOT POWER CONTROL, S.L.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-57)**
**TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, TOT Power Control, S.L. ("TOT"), requests that Defendants, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung"), produce to TOT the documents and things identified below. The requested documents and things must be produced in accordance with the Definitions and Instructions below within thirty (30) days of service of these requests or as otherwise agreed by the Parties. TOT consents to electronic service of Samsung's objections and responses.

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

**DEFINITIONS**

1.     "Samsung," "You," "Your," and "Defendant" shall each mean and refer to Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., including without

limitation all of their employees, agents, representatives, attorneys, or anyone else acting or who has acted on their behalf.

2.      "TOT" or "Plaintiff" shall each mean and refer to TOT Power Control, S.L., and includes all persons acting or purporting to act at the direction of or on behalf of Plaintiff.

3.      "Person" or "Persons" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a person shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the person's behalf.

4.      "This Action" or "This Litigation" shall mean the above-referenced action, Case No. 21-cv-1305-MN, currently pending in the United States District Court for the District of Delaware.

5.      The term "Complaint" shall mean the Complaint filed by TOT in This Litigation and any subsequent amendment of the Complaint.

6.      The term "patents-in-suit" shall mean U.S Patent Nos. 7,532,865 and 7,496,376.

7.      The term "3G" shall mean third-generation cellular technology standards, such as W-CDMA-FDD (i.e., Universal Mobile Telecommunications System (UMTS)), CDMA2000, and EDGE.

8.      The term "Accused Products" shall mean the devices, identified by model or version number, listed in Appendix C to Plaintiff's Amended Complaint (ECF No. 22-3) and any additional devices identified in TOT's supplemental disclosures thereafter.

9.      The term "baseband processor(s)" shall mean an integrated circuit or part of an integrated circuit that manages radio functions, such as a modem (e.g., Intel XMM 7660, Qualcomm SDX55M, etc.).

10.     The term "Source Code" shall mean software and firmware, and shall include within its meaning program files and all associated library and compiling files.

11.     The term "document(s)" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34 and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document. The term "document" shall include, without limiting the generality of the foregoing, all electronic mail, letters, telegrams, teletypes, correspondence, contracts, agreements, notes to the files, notebooks, reports, memoranda, mechanical and electronic sound records or transcripts thereof, blueprints, flow sheets, formal or informal drawings or diagrams, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, studies, reports, interoffice communications, price lists, bulletins, circulars, statements, manuals, summaries of compilations, minutes of meetings, maps, charts, graphs, order papers, articles, announcements, books, catalogs, records, tables, books of account, ledgers, vouchers, cancelled checks, invoices, bills, marketing materials, white papers, and data sheets. A draft or non-identical copy is a separate document within the meaning of this term.

12.     The term "thing" is defined to be synonymous in meaning and equal in scope to the usage of the term "tangible things" in Federal Rule of Civil Procedure 34(a), including without limitation, instruments, devices, models, mockups, capsules, and all other tangible things that are in Your actual or constructive possession, custody, or control, all prior versions or attempts to create the foregoing, and reproductions of the foregoing that have undergone any alteration, modification, addition, removal, revision, or other change. A non-identical thing is a separate thing within the meaning of this term.

13.     The term "communication" means, subject to any agreements between the Parties regarding the production of electronically stored information, any transmittal of information in the form of facts, ideas, inquiries, or otherwise, including without limitation any transmission of information by one or more persons and/or between two or more persons by any means such as, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, metadata, written memoranda, and face-to-face conversations, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

14.     The singular form of a word should be interpreted in the plural, and the plural form of a word shall be interpreted as singular, whenever appropriate, in order to bring within the scope of the request any information that might otherwise be considered beyond its scope. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.

15.     The use of the present tense shall be construed to include the past tense, and vice versa, so as to make the request inclusive rather than exclusive.

16.     The definitions herein apply to each instance of a term regardless of whether the term is capitalized.

17.      "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

18.     "Any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

19.     "Include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

20.     As used herein, "relating to," "related to," and "concerning" shall include within their meaning "containing," "alluding to," "addressing," "responding to," "commenting upon," "discussing," "explaining," "mentioning," "analyzing," "constituting," "memorializing," "compromising," "reporting," "incorporating," "confirming," "listing," "evidencing," "setting forth," "summarizing," or "characterizing," either directly or indirectly, in whole or in part.

## <u>INSTRUCTIONS</u>

1.     These requests shall apply to all documents in Your possession, custody or control at the present time or coming into Your possession, custody, or control prior to the date of the production. If You know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in Your possession, custody or control, You shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things. "Documents within Your control" shall apply to documents or things in the possession, custody or control of a third party over which You have control or who has agreed to cooperate or provide assistance relating to the subject matter of This Litigation.

2.      For any responsive documents or tangible things that have been lost or destroyed,

You shall provide a written statement setting forth:

      a.    the date of the document;
      b.    the identity of the document;
      c.    the nature of the document (e.g., letter, memorandum, chart);
      d.    the identity of each and every person who received the document;
      e.    a brief description of the subject matter of the document; and
      f.    the circumstances of the loss or destruction of the document.

3.      In the event a document is withheld or redacted on a claim of attorney/client

privilege or work product immunity, You shall provide a detailed privilege log which describes

the nature and basis for Your claim and the information withheld, in a manner sufficient to disclose

facts upon which You rely in asserting Your claim, and to permit the grounds and reasons for

withholding the information to be identified. Such description should, at a minimum:

      a.    state the date of the creation of the document;
      a.    state the last date the document was modified or revised;
      b.    identify each and every author of the document;
      c.    identify each and every person who prepared or participated in the preparation of the document;
      d.    identify each and every person who received the document;
      e.    identify each and every person from whom the document was received;
      f.    state the present location of the document and all copies thereof;
      g.    identify each and every person having custody or control of the document and all copies thereof;
      h.    describe the subject and purpose of the document; and
      i.    provide sufficient further information concerning the document and circumstances thereof to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

4.      If an attorney work product claim is asserted, in addition to the information

requested above with respect to attorney/client privilege, identify the person or attorney who

prepared the work product, each person who received copies, when the work product was prepared,

the date of the document, and the litigation for which the work product was prepared.

5.     If You object or otherwise decline to produce any of the documents requested by any request, specify the exact grounds upon which You rely in sufficient detail to permit the Plaintiff and the Court to determine the legal sufficiency of Your objection or position, and provide the most responsive documents You are willing to provide without a court order.

6.     When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction notation must be clearly visible on the redacted document.

7.     In the event that You object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that request for purposes of Your response.

8.     In the event that You object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to You by such words for purposes of Your response thereto.

9.     These requests are submitted for the purpose of discovery and are not to be taken as waiving any objections which may be made at trial or any hearing to the introduction of evidence

on subjects covered by these requests or as an admission of the relevance or materiality at trial of any of the matters covered by these requests.

10.   If, after responding, You obtain or become aware of any further information responsive to these Requests for Production, You are required to supplement the responses and provide the Defendant with such additional information as required under Federal Rules of Civil Procedure 26(e).

11.   Where identified documents are not in Your possession, custody or control, state the names of the persons who have possession, custody or control of such documents. If such documents were in Your possession, custody or control in the past but are no longer in Your possession, custody, or control, state what disposition was made of them, the reasons for such disposition, persons having any knowledge of such disposition, and the persons responsible for such disposition.

12.   These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek English-language translations that may exist for all or part of any given document, in accordance with any agreements between the Parties regarding the production of electronically stored information.

13.   Each document is to be produced along with all drafts, without abbreviation or redaction, in its entirety including attachments, enclosures, cover letters, memoranda, exhibits, and appendices.

14.   If any portion of a document or tangible thing is responsive to a request the entire document or tangible thing shall be produced, redacting only privileged material, if any, and in accordance with parties' agreement or any Court order.

15.   You are to produce the original and each non-identical copy of each document or tangible thing requested herein which is in Your possession, custody, or control.

16.   No request for production shall be construed with reference to any other request for production for purposes of limitation.

17.   Unless otherwise noted, the following requests shall be without time limitation and regardless of the date of any document or thing responsive to such request.

18.   Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals.

19.   All documents should be produced with Bates numbers that shall be unique for each page. Bates numbers shall contain a prefix that can be readily attributed to Defendant. Bates numbering should be sequential and consist of not less than seven (7) digits with zero fill as necessary to maintain the seven-digit sequence. If a bates number is skipped, Defendant must provide information identifying and explaining the missing bates numbers.

20.   All documents should be produced in accordance with any agreements between the Parties regarding the production of electronically stored information and any protective order entered by the Court.

21.   These requests are deemed continuing, and it is requested that supplemental responses and production be provided as additional documents become available, in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Documents sufficient to show purchases for all baseband processors that You have procured since 2010, including price per unit, discounts, returns, or other incentives.

**Request for Production No. 2:**

All documents and communications with Qualcomm relating to the features, specifications, or capabilities of a baseband processor considered for, proposed for, or installed in an Accused Product.

**Request for Production No. 3:**

All documents and communications relating to the radio transmission power control features of any baseband processor used in the Accused Products.

**Request for Production No. 4:**

All documents and communications with or about U.S. mobile phone carriers relating to features of the Accused Products, including but not limited to discussions about baseband processor functions or features.

**Request for Production No. 5:**

All documents and communications with or about Qualcomm relating to features of the Accused Products, including but not limited to discussions about baseband processor functions or features.

**Request for Production No. 6:**

All internal documents and communications relating to features of the Accused Products, including but not limited to discussions about baseband processor functions or features.

**Request for Production No. 7:**

All documents and communications with or about U.S. mobile phone carriers relating to battery life of the Accused Products.

**Request for Production No. 8:**

All documents and communications with or about Qualcomm relating to battery life of the Accused Products.

**Request for Production No. 9:**

All internal documents and communications relating to battery life of the Accused Products.

**Request for Production No. 10:**

Profit and loss statements, providing monthly data, sufficient to show all sales and cost of sales for the Accused Products since 2014.

**Request for Production No. 11:**

All drafts and executed intellectual property licenses (including sublicenses), royalty, and settlement agreements between You and any person relating to radio transmission power control, baseband processors, or batteries.

**Request for Production No. 12:**

All documents and communications concerning Your attempts to find alternative baseband processors to those baseband processors used in the Accused Products.

**Request for Production No. 13:**

All Source Code for the Accused Products that implements closed loop power control, including all versions deployed since 2005.

**Request for Production No. 14:**

All Readme files that reference a portion of Source Code responsive to Request for Production No. 15.

**Request for Production No. 15:**

All documents and communications relating to a U.S. mobile phone carrier's product requirements, including but not limited to requirements for radio transmission power control.

**Request for Production No. 16:**

All documents and communications (such as requests for quotes) concerning product requirements that You provided baseband suppliers, including but not limited to requirements for radio transmission power control.

**Request for Production No. 17:**

All documents and communications, including but not limited to conformance tests, analyses, summaries, reports, or certifications, relating to each Accused Product's compliance with a 3G standard (e.g., CDMA2000 or WCDMA).

**Request for Production No. 18:**

All documents related to the design of any baseband processor used in an Accused Product, including but not limited to any schematics and/or block diagrams of such baseband processor.

**Request for Production No. 19:**

All documents and communications relating to standards organization meetings (e.g., 3GPP working groups, 3GPP2 working groups, ITU study groups, etc.) that You attended where closed loop power control was discussed.

**Request for Production No. 20:**

All documents that You contend show that the baseband processors used in the Accused Products do not infringe the patents-in-suit.

**Request for Production No. 21:**

All communications with third parties relating to the Accused Products.

**Request for Production No. 22:**

All communications with third parties concerning any litigation involving the patents-in-suit.

**Request for Production No. 23:**

All documents and communications relating to Plaintiff.

**Request for Production No. 24:**

All documents and communications relating to the inventors named on the patents-in-suit.

**Request for Production No. 25:**

All documents and communications relating to the patents-in-suit.

**Request for Production No. 26:**

All communications with third parties concerning invalidation proceedings—whether before the USPTO's Patent Trial and Appeal Board, a foreign patent agency, or a foreign or domestic court—involving any domestic or foreign patent claiming priority to Spanish patent application 2005O2O56 (e.g., U.S. Patent No. 7,496,376) or any domestic or foreign patent claiming priority to Spanish patent application 200502057 (e.g., U.S. Patent No. 7,532,865).

**Request for Production No. 27:**

Documents, such as organization charts or directories, sufficient to identify (1) all Samsung employees involved in negotiating intellectual property agreements (including but not limited to licenses, acquisitions, or settlements) for 3G technology since 2010, and (2) those employees' current position at Samsung.

**Request for Production No. 28:**

Documents, such as organization charts or directories, sufficient to identify (1) all Samsung employees involved in designing or testing radio transmission power control features in the Accused Products, and (2) those employees' current position at Samsung.

**Request for Production No. 29:**

Documents, such as organization charts or directories, sufficient to identify (1) all Samsung employees who are or were involved in selecting the baseband processor included in each Accused Product, and (2) those employees' current position at Samsung.

**Request for Production No. 30:**

All documents and communications relating to Your royalty negotiations with Qualcomm since 2010.

**Request for Production No. 31:**

User manuals, including repair manuals, for each Accused Product.

**Request for Production No. 32:**

Product brochures and marketing materials for each Accused Product.

**Request for Production No. 33:**

All white papers or similar documents, whether drafted by You or a third party, related to radio transmission power control in 3G cellular networks generally, or the Accused Products specifically.

**Request for Production No. 34:**

Performance testing documents for the Accused Products relating to radio transmission power control or battery life.

**Request for Production No. 35:**

Performance testing documents relating to call performance metrics, such as the call drop percentages and the connection latency of the Accused Products.

**Request for Production No. 36:**

Documents relating to the algorithm(s) for closed loop power control in the Accused Products.

**Request for Production No. 37:**

Software specifications for implementation of radio transmission power control in the Accused Products.

**Request for Production No. 38:**

Functional specifications for each Accused Product relating to the radio transmission power control features implemented in the Accused Products.

**Request for Production No. 39:**

All documents such as block diagrams or schematics, relating to the hardware components of each Accused Product, identifying the baseband processor installed in each Accused Product.

**Request for Production No. 40:**

All documents, including diagrams, flowcharts, or schematics, related to the algorithmic steps each Accused Product performs when engaged in closed loop power control.

**Request for Production No. 41:**

All bills of materials or equivalent documents sufficient to identify an Accused Product's components for each Accused Product.

**Request for Production No. 42:**

Functional specifications for the baseband processor in each Accused Product related to the baseband processor's radio transmission power control features.

**Request for Production No. 43:**

User manuals, including repair manuals, for the baseband processor in each Accused Product.

**Request for Production No. 44:**

All documents relating to any U.S. mobile phone carrier's conformance requirements for radio transmission power control.

**Request for Production No. 45:**

All documents and communications, including but not limited to conformance tests, analyses, summaries, reports, or certifications, relating to each Accused Product's compliance with a U.S. mobile phone carrier's conformance requirements for radio transmission power control.

**Request for Production No. 46:**

All documents related to quotes from baseband suppliers, including how the supplier would implement radio transmission power control features.

**Request for Production No. 47:**

All documents and things that You receive in response to a third-party subpoena or request for documents related to This Litigation, Plaintiff's allegations in This Litigation, or Your defenses to This Litigation.

**Request for Production No. 48:**

All documents and things referenced in the Initial Disclosures that You provided in accordance with Federal Rules of Civil Procedure Rule 26(a)(1) in This Litigation.

**Request for Production No. 49:**

All documents and things relied upon or referenced in Your Answer to Plaintiff's Complaint in This Litigation.

**Request for Production No. 50:**

All documents and things You provide to a testifying expert in This Litigation.

**Request for Production No. 51:**

All documents and things You may rely upon at trial to support Your defenses in This Litigation.

**Request for Production No. 52:**

All documents and things You reference in response to an interrogatory served by Plaintiff in This Litigation.

**Request for Production No. 53:**

All documents and things relating to Your contention that one or more claims of the patents-in-suit are invalid for failure to meet one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Request for Production No. 54:**

All documents and things relating to Your contention that You do not and have not infringed any claims of the patents-in-suit.

**Request for Production No. 55:**

All documents and things relating to Your contention that Plaintiff's claims in This Litigation are barred by equitable doctrines such as waiver, estoppel, and unclean hands.

**Request for Production No. 56:**

All documents and things relating to Your contention that Plaintiff cannot assert its claims in This Litigation under the doctrine of equivalents because such an asserted scope of equivalency would encompass or ensnare the prior art.

**Request for Production No. 57:**

All documents and things relating to Your contention that Plaintiff's claim for damages in This Litigation is limited or barred by 35 U.S.C. §§ 252, 286, 287, 288, 307 and/or 318.

Dated: January 24, 2023          Respectfully submitted,


*/s/ Walter D. Kelley, Jr.*
Walter D. Kelley, Jr. (D.C. No. 987524)
*Admitted Pro Hac Vice*
Brian A. Ratner (D.C. Bar No. 473284)
*Admitted Pro Hac Vice*
Tara R. Zurawski (D.C. No. 980960)
*Admitted Pro Hac Vice*
HAUSFELD, LLP
888 16th Street, NW
Suite 300
Washington, DC 20006
Tel: (202) 540-7157
Fax: (202 540-7201
wkelley@hausfeld.com
bratner@hausfeld.com
tzurawski@hausfeld.com

Bruce J. Wecker (CA No. 0778530)
*Admitted Pro Hac Vice*
HAUSFELD, LLP
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1907
bwecker@hausfeld.com

Brian E. Farnan (DE No. 4089)
Michael J. Farnan (DE No. 5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiff TOT Power Control, S.L.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2023, a copy of copy foregoing was served on the

following counsel of record via electronic mail.


Adam W. Poff
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com

R. Paul Zeineddin
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
paul.zeineddin@blankrome.com

Joshua S. Reisberg
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
josh.reisberg@blankrome.com


*Counsel for Defendants Samsung
Electronics Co., Ltd. and Samsung
Electronics America, Inc.*

 */s/ Walter D. Kelley, Jr.*
 Walter D. Kelley, Jr.

# EXHIBIT E

**Reisberg, Josh S.**

| | |
|---|---|
| **From:** | Reisberg, Josh S. |
| **Sent:** | Tuesday, March 26, 2024 10:02 AM |
| **To:** | Li Guo; Hillary Bunsow; Stark, Eda; TOT Hausfeld Team; TOT_Power; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com |
| **Cc:** | Zeineddin, Paul; Poff, Adam; Rubin, Michael S.; Edwards, Cory R.; Stark, Eda; Kopsidas, Andrew R. |
| **Subject:** | RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production |

Li,

We write to provide an update on two topics:  deposition designations and financial information.

**Deposition designations**

▮▮▮▮ will no longer be designated on Topic Nos. 14, 39, and 49. ▮▮▮▮ will be designated on these topics.  In addition, regarding Topic No. 13, we are not quite sure what "Samsung's use . . . of the Accused Products, including the accused functionalities, in the United States" means in the context of Topic No. 13.  Nevertheless, subject to and without waiving Samsung's general and specific objections relating to this topic as identified in Samsung's March 12, 2024 amended responses to TOT's Rule 30(b)(6) notice, ▮▮▮▮ will be designated to testify to a reasonable degree of detail concerning the subject matter of this topic as it pertains to the Qualcomm chipsets implemented in the products TOT accuses of infringement in its February 16, 2024 final infringement contentions.

Accordingly, Samsung's revised designations are listed below.

▮▮▮▮▮: 2, 4, 13, 14, 17, 22-24, 29-32, 34-37, 39, 48-50
▮▮▮▮▮: 42, 44-47
▮▮▮▮▮: 15, 25-28, 43, 52-55

**Financial information**

We are continuing to investigate financial information from SEC.  But your repeated insinuations and unsubstantiated concerns about financial underreporting are unhelpful.  Your email below makes the unsurprising observation that Samsung's products are sold on Amazon and seems to suggest, without any basis, that this is a distribution channel through which sales information has not been provided.  As you might expect, Samsung has a number of authorized distribution channels through which U.S. sales are made, including, for example, Best Buy, Amazon, and individual carriers.  Sales of accused products made to such authorized U.S. retailers and resellers are reflected in the SEA financial information that has been produced in this case (*see, e.g.*, SAMSUNG0293821) and on which TOT questioned ▮▮▮▮ during his March 15 deposition.  In fact, ▮▮▮▮ testified to one such example during his deposition.  (March 15, 2024 ▮▮ Dep. Tr. at 35:15-22.)

Nevertheless, we are actively working on investigating the underlying issue you have raised concerning what financial information SEC has relating to the accused products and whether there is any additional sales data to provide concerning U.S. sales of accused products.  To the extent there is any additional data to provide concerning the accused products, our goal is to provide that additional data as soon as possible.  Unfortunately, I do not have a date certain that I can provide at this time.

Thanks,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Li Guo <lguo@bdiplaw.com>
**Sent:** Saturday, March 23, 2024 8:32 PM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S. <Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>; Stark, Eda <Eda.Stark@BlankRome.com>; Kopsidas, Andrew R. <Andrew.Kopsidas@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

Hi Josh,

**APA and SEC financials**

The APA agreements provide information relating to at least cost sharing, profit split, operating margin. *See e.g.*, Announcement and Report Concerning Advance Pricing Agreements at *https://www.irs.gov/pub/irs-apa/po70328-announcement-2022-7-apa-report.pdf*.  They are important financial documents and directly responsive to at least TOT's RFP Nos. 10, 84, and 94.

As mentioned in our previous email, we are also concerned that that Samsung's sales are underreported.  For example, Samsung's products are sold on Amazon into the U.S. through other entities, such as Integron Technologies Inc.  SEC should be liable not only for the products it sold to SEA, but also for the products it sold into U.S. through other channels, such as Amazon or Integron Technologies Inc.  The APA agreements provide relevant information on that by listing "covered entities" – which are the entities involved in transactions between associated entities.  The APA documents are not burdensome for Samsung to collect and produce.

As discussed on the meet and confer on March 15, SEC has not produced any financial and sales data.  We request that SEC produce its financial and sales data and include all sales that have a shipping address or billing address in the United States, or which Samsung knows will be sold in the US regardless of whether the products are first sold to a non-US entity.

We request that Samsung provide this information before the depositions next week.  If not, please let us know your availability to have a formal meet and confer on this, so that TOT can move to compel.

**██████████ deposition**

We accept ██████████ deposition on April 23.

**Qualcomm-Samsung chipset agreements**

Samsung has not produced any agreements between Qualcomm and Samsung relating to Samsung's procurement from Qualcom of the Qualcomm chipsets in the Accused Products.  Those agreements are responsive at least to TOT's RFPs 2, 3, 5, 11, 16, 30, 75, 99.  Please produce those agreements, including without limitation procurement agreements and IP licensing agreements, and any amendments thereto, prior to Tuesday's deposition of ██████ so that we can review them before the deposition.  To the extent that Samsung does not

produce the agreements promptly or refuses to do so, we reserve the right to seek additional deposition testimony on those agreements.

Best,
Li

---

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Friday, March 22, 2024 9:12 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S. <Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>; Stark, Eda <Eda.Stark@BlankRome.com>; Kopsidas, Andrew R. <Andrew.Kopsidas@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

[EXTERNAL]

Hillary,

Our responses to your email from yesterday are provided below.  If anything is unclear, please feel free to give me a call.

### APA and SEC financials

To use your words, we don't want there to be a "death of trust" in connection with remaining discovery.  But your characterization of testimony provided by ███████ regarding the Advance Pricing Agreement (APA) is inaccurate. ███ did not testify, as you suggest, that SEA's APA with the U.S. "relates at least to the cost of components." ███████ testified that the APA ████████████████████████████████████████████████ ███████ (███ Dep. Tr. at 45:11-16.)  If there is some other portion of ███████ testimony to which you were referring, please let us know.

As I'm sure you are aware, the concept of an APA is not unique to Samsung, and the purpose of an APA is not to identify specific costs of any specific products, but rather to provide certainty as to a tax payer's U.S. tax obligations on international transactions by assuring that the U.S. taxpayer and any related foreign entities are engaging in arm's length transactions.  I invite you to read further about this concept.  *See, e.g.*, APMA | Internal Revenue Service (irs.gov).

I spoke to Denise about this issue yesterday following the first day of ███████ deposition.  As I understand it, TOT wants to know the specific price that SEA pays to SEC for the accused mobile devices. ███████ testified during his March 15 deposition where this information can be found in data you already have.  First, ████████████████████████ ████████████████████████████████████████ (█ Dep. Tr. at 40:14-17 (emphasis added).)  Then, ████████████████████████████████████████ (*Id.* at 40:22-41:3.)

Based on this testimony, we are investigating whether Samsung can provide *specific* data on the *exact price* paid by SEA to SEC for the accused products containing Qualcomm chipsets on a *per-SKU basis*—in other words a breakdown of COGS in the SEA financial information that would allow you to understand "what SEA has paid for . . . the unit itself" separate from the returns and inventory write-offs that ████████████████████████████████████████.  I asked Denise whether this information would resolve any remaining dispute on the issue of transfer pricing.  Denise mentioned she would take it back to the team.

### Marketing documents

Regarding "additional marketing materials for the supplementally accused products addressing consumer demand relevant to 3G functionality," we are continuing to investigate whether Samsung has any additional documents within its possession, custody, or control.  Although Samsung's March 20 production contained marketing materials relating to the accused products, there may be one additional, relatively small production that we need to make, which we anticipate providing within the next week.  But we will advise to the extent these expectations change.

### TOT's 30(b)(6) topics 2, 4, 14, 22, 32, 42, 43

Following the parties' recent meet-and-confers, and subject to the agreements reflected in correspondence concerning the scope of disputed topics, Samsung's most recent designations (which include the above-listed topics) are provided below:

███████ : 2, 4, 17, 22-24, 29-32, 34-37, 48, 49 (any costs with implementing chipsets), 50

███████ : 14, 39, 42, 44-47, 49 (specific chipset costs provided in response to TOT rog no. 7)

███████ : 15, 25-28, 43, 52-55

### ███████ deposition

We were hoping to get some availability from ███████ in the first two weeks of April.  But due to ███████ travel and work schedule, she has availability only in the last week of April.  ███████ can be made available for deposition (either in-person or remote) on April 23, 24, or 25.  Alternatively, ███████ can be available on May 1, 2, or 3.  Please let us know if any of these days work for you.

Thanks,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Thursday, March 21, 2024 5:38 PM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S. <Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>; Stark, Eda <Eda.Stark@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

Josh,

I write to follow up on various outstanding discovery issues.

We are investigating Eda's email from this morning regarding ███████ deposition and will follow up separately.

*Advance pricing agreements*

Please confirm whether Samsung intends to produce these agreements, or if the parties are at an impasse.

*SEC financials*

You indicated that Samsung will produce financial information for SEC similar to what it has produced for SEA to see if that will resolve the parties' dispute regarding SEC's financials.  Please let us know when we can expect this production.

*Marketing documents*

You indicated that Samsung would produce any additional marketing materials for the supplementally accused products addressing consumer demand relevant to 3G functionality, to the extent such documents exist and can be located pursuant to a reasonable search.  Please let us know if Samsung's March 20 production consists of the entire results of Samsung's search, or if further productions are anticipated.

*TOT's 30(b)(6) topics 2, 4, 14, 22, 32, 42, 43*

You indicated that Samsung would designate a witness on TOT's 30(b)(6) Topics 2, 4, 14, 22, 32, 42, 43.  Please let us know who Samsung is designating on these topics.

 *deposition*

You indicated that you would send some available dates in the first couple weeks of April.  Please let us know when  is available for deposition.

**BDIP BUNSOW DE MORY** LLP
*Celebrating 10 Years*

Hillary N. Bunsow

*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Tuesday, March 19, 2024 11:31 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S. <Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>; Stark, Eda <Eda.Stark@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

**[EXTERNAL]**

Hillary,

TOT's last-minute attempt to raise a dispute on this issue and move the goal posts regarding required disclosures in this case is troubling.  Information regarding how Samsung names its models is available publicly.  In your prior email, you even cite numerous examples describing for example unlocked versions.  TOT had access to that information even before the complaint was filed.  And even in connection with discovery in this case, Samsung has produced user manuals and other marketing documents that show various model numbers associated with, for example, its Galaxy products,

including those that are accused of infringement in this case.  But, most importantly, Samsung produced its initial set of financial data relating to the accused products as the ***first document*** disclosed in discovery (SAMSUNG _00000001).  TOT had this document in its possession as of February 27, 2023—nearly 13 months ago.  TOT had over a year to analyze that financial information and assess whether any products that TOT disclosed as accused products were absent from the financial.  At no time before your March 18 email on the matter did TOT complain about the scope of production relating to financial information.

There's simply no reason why TOT is raising this issue on the eve of the close of fact discovery.  In any event, what your email reflects is an attempt by TOT to move the goal posts and circumvent the rules that are in place in this District for identification of accused products.

Pursuant to rules in this District and Scheduling Order (ECF No. 30), TOT had two opportunities to identify accused products.  On January 13, 2023, TOT was obligated to "identify the accused product(s)."  (ECF No. 30 at ¶ 6(a).)  Following a modification of the schedule, by January 26, 2024, TOT was obligated to "***finally supplement*** . . . the identification of all accused products."  (ECF No. 30 at ¶ 13 as modified by ECF No. 74) (emphasis added).)

Your reference to TOT's boilerplate reservation of rights in TOT's final infringement contentions is misplaced because, pursuant to the rules in this District and the scheduling order entered in this case, TOT was obligated to identify its ***final list*** of accused products by January 26, 2024—3 weeks before TOT's final infringement contentions were due.  Nothing in the scheduling order entered in this case or other rules in this District permit TOT to somehow broaden the list of final accused products through later disclosed contentions.

Samsung's production of financial data is consistent with TOT's ***final list*** of accused products disclosed on January 26, 2024.  TOT's identification of accused products is very clear.  TOT identified a model name along with the accused model numbers.  And, for some accused model names, TOT identified ***multiple model numbers*** (e.g., Galaxy A04S).  Some accused products (e.g., SM-A015F) are designated with a letter as the ending value, and some accused products (e.g., SM-A320) are designated without a letter as the ending value.  For the former category of accused products, Samsung provided financial data directed to products that had the same letter value.  For the latter category of accused products not limited to any letter designation, Samsung provided financial data directed to products having any letter designation.

The document bearing Bates number SAMSUNG0293821 provides financial data for all products on TOT's ***final list*** of accused products containing Qualcomm chipsets to the extent those products were sold in the U.S., and includes significantly more products than TOT identified on its final list of accused products (for the reasons noted in the paragraph above).

Samsung disagrees with TOT's attempts to raise a last-minute dispute on the eve of the close of fact discovery, especially one that seeks to broaden its ***final list*** of accused products in violation of the scheduling order and rules in this District.

Best regards,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Tuesday, March 19, 2024 9:34 AM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com

**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S.
<Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

Josh,

Thank you for the call yesterday.  We understand that Samsung decided what financial data to produce for the accused
products listed in Exhibit A of TOT's Final Infringement Contentions depending on whether TOT included version
numbers with the products' model numbers.  So if on Exhibit A TOT identified a specific version number(s) for a specific
model number, data was only produced for that version number(s) and no others.  As an example, for the accused
product Galaxy S10 Lite (SM-G770F), where SM-G770 is the model number and "F" is the version number, because TOT
identified version number "F", Samsung did not produce data for any other Galaxy S10 Lite version numbers.  But if TOT
identified a model number on Exhibit A without any specific version number (for example the Galaxy S23, SM-S911),
Samsung produced data for all Galaxy S23 version numbers.  Please let us know if this understanding is incorrect.

Assuming that this is correct, then it is our position that Samsung had no justification for limiting its production in this
way.  TOT's disclosures were clear that the specific list of accused products in Exhibit A potentially included other version
numbers for each identified model number.  *See, e.g.*, TOT's Final Infringement Contentions Cover Pleading ("TOT
alleges that Samsung directly infringes [the '865 Patent] by making, using (including through testing and
demonstrations), offering for sale, selling, or importing into the United States the Accused Products identified in Exhibit
A ***and any other products made, used, or sold by Samsung in the United States that include the same functionality***
(hereinafter the "Accused Products")) and Exhibit B ("The Accused Products listed in Exhibit A or herein ***are not
exhaustive***. ***TOT accuses any Samsung products with substantially similar designs to the expressly listed Accused
Products. Moreover, it may be that the same underlying products have multiple identification numbers based on, inter
alia, differences in geographic sales locations, customers, product colors, or other features that do not affect the
structure and operation of such products and the infringement allegations herein. TOT asserts that any such products
infringe the asserted claims the same reasons as identified herein.***).  The cited language is clear that by identifying a
specific version number for a model number TOT did not intend to limit its identification of accused products to only the
identified version number, but rather other version numbers for the model number of the identified design were
included too.

Please confirm that Samsung will produce by the end of the week updated SEA financial data, as well as SEC financial
data, that includes data for all version numbers for each model number identified in Exhibit A to TOT's Final
Infringement Contentions.  As an illustrative example, we understand that Samsung limited its production of the Galaxy
S10 Lite (SM-G770) to version "F" because TOT identified "SM-G770F" in Exhibit A; Samsung must supplement its
production to provide data for all versions of the SM-G770 model number.



Hillary N. Bunsow

*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may
contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination,
distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please
notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Monday, March 18, 2024 3:15 PM

**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S. <Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

[EXTERNAL]

Hillary,

I'd like to touch base by phone with respect to the financial information before responding to the group.  Perhaps you can call me along with Denise, whom I responded to about another issue.  Either way, I'm free at 917-991-9550.

Thanks,
Josh

**Joshua S. Reisberg** | BLANK**ROME**
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Monday, March 18, 2024 4:27 PM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S. <Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

Josh,

I am writing to follow up on Friday's meet and confer.

***Samsung's deficient production of financial data***

You represented on the call that the reason Samsung's financial data does not include the Galaxy A01(SM-A015F) , Galaxy Fold 5G(SM-F907U), and Galaxy S10 Lite(SM-G770F) is because these products were not sold by SEA in the U.S.  However, an online search revealed that this is not true.  *See* https://web.archive.org/web/20200501123822/https://www.samsung.com/us/mobile/galaxy-s10/buy/?link=galaxy-s10 (S10 Lite for sale to the U.S. off Samsung's website—see also attached PDF); https://web.archive.org/web/20200418030934/https://www.samsung.com/us/mobile/phones/galaxy-a/galaxy-a01-verizon-sm-a015vzkavzw/ (Galaxy A01 for sale to U.S. off Samsung's website); *see also* https://arstechnica.com/gadgets/2020/04/samsungs-mid-range-galaxy-s10-lite-comes-to-the-us-for-650/; https://www.amazon.com/Samsung-SM-G770F-Unlocked-International-Version/dp/B084HP3P7W?th=1; https://www.techradar.com/news/galaxy-s10-lite-is-surprisingly-on-sale-in-us-for-dollar650; https://9to5google.com/2020/04/17/samsung-galaxy-s10-lite-us-release-price/.

We are now concerned that Samsung's sales numbers have been underreporting sales such as this, e.g., of unlocked phones through Samsung.com, Amazon, Best Buy, and perhaps others, which clearly are to U.S. customers.  **Please immediately produce new sales data that includes the SM-A015, SM-G770, and any other phones sold this**

**way.  Please also explain why these were not originally included, and confirm that similar sales of all the other products through these same channels (unlocked or otherwise) were included in the financial data Samsung produced.**

 *agreement*

You requested an explanation as to why the requested ███████ agreements are relevant.  These agreements cover ████████████████████████████, and are highly relevant to the damages of this case. See e.g., ███████████████████████████████████████████████████████████████████. Samsung's claims that these documents are not relevant lacks any merit.  **Please confirm whether Samsung will produce the agreements or whether the parties have reached an impasse.**

*Advance pricing agreements, SEC financials, cost of goods for components, Topic 33*

You indicated that Samsung will produce financial information for SEC similar to what it has produced for SEA to see if that will resolve the parties' dispute regarding SEC's financials.  **Please promptly produce the information and we will evaluate.**  However, in view of our concerns about the missing sales information, please be advised that we are concerned that there are products that originate with SEC, and through entities other than SEA, that are sold in the United States.  SEC is a party to this litigation.  We understand that SEC may ultimately take the position that it is not directly responsible for those sales in the United States, but this is discovery.  Samsung cannot make that decision unilaterally.  There are clearly US sales of accused products by entities other than SEA.  Thus, we are entitled to understand SEC's role in any and all of those sales.  In a similar vein,  we are entitled to any and all transfer/advance pricing agreements and other channel agreements of SEC and SEA.  You indicated that you did not believe the advance pricing agreement was responsive to any TOT RFP but that is incorrect.  The agreement is responsive to at least TOT's RFPs 10, 84 and 94. ████████ testified that t█████████████████████████████████████████████████ ████████ , thus it is relevant to SEA's costs with respect to the accused products and responsive to TOT's RFPs.   Moreover, as we explained previously, we understand these types of agreements to be broader than just costs of components.   But in any event, the agreement is relevant and responsive.  **Please promptly produce the agreement or, if Samsung refuses, confirm the parties are at an impasse.**

**BDIP  BUNSOW DE MORY** LLP
*Celebrating 10 Years*

Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Friday, March 15, 2024 2:44 PM
**To:** Stark, Eda <Eda.Stark@BlankRome.com>; TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S.

<Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>
**Subject:** RE: TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

**[EXTERNAL]**

Counsel,

As discussed on the meet and confer from earlier today, we have two files related to materials produced earlier today that, pursuant to the Qualcomm SPO, must be made available for inspection rather than produced electronically.  As we stated, we are amenable to making these files available for inspection prior to the upcoming depositions in Korea at our LA offices (where code was previously made available for inspection).  Our NY and DC offices are also possibilities.  Please let us know your preference.

Thanks,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

**From:** Stark, Eda <Eda.Stark@BlankRome.com>
**Sent:** Friday, March 15, 2024 3:34 PM
**To:** TOT Hausfeld Team <TOTHausfeldTeam@hausfeld.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Zeineddin, Paul <Paul.Zeineddin@BlankRome.com>; Poff, Adam <APOFF@ycst.com>; Rubin, Michael S. <Michael.Rubin@BlankRome.com>; Edwards, Cory R. <Cory.Edwards@BlankRome.com>
**Subject:** TOT v. Samsung, No. 21-cv-1305 (D. Del.) - Samsung March 15, 2024 Production

Counsel,

Please find below a link to Samsung's production of documents bearing Bates numbers **SAMSUNG0294122 - SAMSUNG0294123**.

**Link:** https://blankromellp.sharefile.com/d-seb24103fc9a842fab571f6461634ea5b

I will follow-up with the password in a separate email.

Please let me know if you have any issues accessing the documents.

Best,

**Eda Stark** | BLANKROME
1825 Eye Street NW | Washington, D.C. 20006
O: (202) 420-2348 | M: (771) 217-2995 | eda.stark@blankrome.com
LinkedIn | Firm Bio

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

# EXHIBIT F

████████████████████

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| TOT POWER CONTROL, S.L., | |
| Plaintiff, | C.A. No. 21-1305-MN |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.**
**AND SAMSUNG ELECTRONICS AMERICA, INC.'S SECOND SUPPLEMENTAL**
**RESPONSESTO PLAINTIFF'S FIRST SET OF INTERROGATORIES (No. 1)**

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung America") (collectively, "Samsung") hereby provides this second supplement to its responses and objections to the First Set of Interrogatories (No. 1) (the "Interrogatory") served by Plaintiff TOT Power Control, S.L., ("TOT").

**INTRODUCTORY RESPONSE**

Samsung hereby incorporates its Introductory Response and General Objections from Samsung's Responses to Plaintiff's First Set of Interrogatories (No. 1), dated March 13, 2023, as if fully set forth herein.

Without waiving the Introductory Response or General Objections but in express reliance thereon, Samsung incorporates the General Objections into the responses below and responds to the individually numbered Interrogatories as follows:

## RESPONSES

### INTERROGATORY NO. 1:

For each Accused Product, identify the make and model of the baseband processor installed in the Accused Product, and for each baseband processor, identify the software build ID number associated with that baseband processor.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to an in express reliance on the General Objections set forth above, Samsung objects to this Interrogatory as calling for information that is already in Plaintiff's possession, custody, or control.

Subject to, without waiver of, and in express reliance on the foregoing General and Specific Objections, Samsung responds that information responsive to this Interrogatory may be readily ascertained from documents Samsung will produce in this litigation, and that the burden of doing so would be substantially the same for TOT as it would be for Samsung. Fed. R. Civ. P. 33(d). Pursuant to Federal Rule of Civil Procedure 33(d), when Samsung makes its Source Code available for inspection, Samsung will provide sufficient detail to identify the make and model of the baseband processor and any software build ID number associated with baseband processors used in the Accused Products. Samsung reserves the right to supplement its objections and/or responses to this Interrogatory as additional information and/or documents responsive to the Interrogatory, if any, are identified as fact and expert discovery proceed.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

In addition to an in express reliance on the General Objections set forth above, Samsung objects to this Interrogatory as calling for information that is already in Plaintiff's possession, custody, or control.

2

Subject to, without waiver of, and in express reliance on the foregoing General and Specific Objections, Samsung identifies in Schedule A the make and model of the baseband processor implemented in accused products sold by Samsung in the U.S. during the period defined by 35 U.S.C. § 286 and software build ID for the identified baseband processors that Samsung has been able to identify pursuant to a reasonable search.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to, without waiver of, and in express reliance on the foregoing General and Specific Objections, Samsung identifies in Schedule B the make and model of the Qualcomm baseband processor implemented in the accused products comprising Qualcomm chipsets identified by TOT in its January 16, 2023 Identification of the Accused Products and January 26, 2024 Supplemental Identification of the Accused Products.

.

███████████████████████

Dated: March 15, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

Of Counsel:

R. Paul Zeineddin
BLANK ROME LLP
1825 Eye Street NW
Washington, DC 20006
(202) 420-2200
paul.zeineddin@blankrome.com
megan.wood@blankrome.com

*s/ Joshua S. Reisberg*
Joshua S. Reisberg
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
josh.reisberg@blankrome.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

4

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on March 15, 2024, copies of Defendants Samsung

Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Second Supplemental Responses

to Plaintiff's First Set of Interrogatories (No. 1) were served on the parties listed below by

electronic mail:

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Walter D. Kelley, Jr.
Tara L. Zurawski
HAUSFELD, LLP
888 16th Street, NW
Suite 300
Washington, DC 20006
wkelley@hausfeld.com
tzurawski@hausfeld.com

Denise De Mory
Corey Johanningmeier
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
ddemory@bdiplaw.com
cjohanningmeier@bdiplaw.com

Bruce J. Wecker
HAUSFELD, LLP
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
bwecker@hausfeld.com

_s/ Joshua S. Reisberg_

5

**SCHEDULE A**

| Model | Model Number | Chipset | Build ID |
|---|---|---|---|
| Galaxy A02s | SM-A025U | Qualcomm SDM450 Snapdragon 450 | |
| Galaxy A02s (Verizon) | SM-A025V | Qualcomm SDM450 Snapdragon 450 | |
| Galaxy A10e | SM-A102U | Exynos 7884 | |
| Galaxy A13 | SM-A135U | Exynos 850 | |
| Galaxy A20 | SM-A205U | Exynos 7884 | |
| Galaxy A42 5G | SM-A426U | Qualcomm SM7225 Snapdragon 750G 5G | |
| Galaxy A50 | SM-A505U | Exynos 9610 | |
| Galaxy A51 5G | SM-A516U | Exynos 980 | |
| Galaxy A51 5G UW (Verizon) | SM-A516V | Qualcomm SM7250 Snapdragon 765G 5G | |
| Galaxy A52 5G | SM-A526U | Qualcomm SM7225 Snapdragon 750G 5G | |
| Galaxy A53 5G | SM-A536U | Exynos 1280 | |
| Galaxy A6 (AT&T) | SM-A600A | Exynos 7870 Octa | |
| Galaxy A6 (Boost) | SM-A600P | Exynos 7870 Octa | |
| Galaxy A6 (T-Mobile) | SM-A600T | Exynos 7870 Octa | |
| Galaxy A6 (Unlocked) | SM-A600U | Exynos 7870 Octa | |
| Galaxy A71 5G | SM-A716U | Exynos 980 | |
| Galaxy A71 5G UW | SM-A716V | Qualcomm SM7250 Snapdragon 765G 5G | |
| Galaxy Z Flip | SM-F700U | Qualcomm SM8150 Snapdragon 855+ | |

| Galaxy Z Flip 5G | SM-F707U | Qualcomm SM8250 Snapdragon 865 5G+ | |
|---|---|---|---|
| Galaxy Z Flip3 5G | SM-F711U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy Fold | SM-F900U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy Z Fold2 5G | SM-F916U | Qualcomm SM8250 Snapdragon 865 5G+ | |
| Galaxy Z Fold3 5G | SM-F926U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy XCover Pro | SM-G715U | Exynos 9611 | |
| Galaxy S20 FE 5G | SM-G781U | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy S20 FE 5G UW | SM-G781V | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy S8 Active (AT&T) | SM-G892A | Qualcomm MSM8998 Snapdragon 835 | |
| Galaxy S8 Active (Sprint) | SM-G892U | Qualcomm MSM8998 Snapdragon 835 | |
| Galaxy S6 (AT&T) | SM-G920A | Exynos 7420 Octa | |
| Galaxy S7 (AT&T) | SM-G930A | Qualcomm MSM8996 Snapdragon 820 | |
| Galaxy S7 (Boost) | SM-G930P | Qualcomm MSM8996 Snapdragon 820 | |
| Galaxy S7 (US Cellular) | SM-G930R | Qualcomm MSM8996 Snapdragon 820 | |
| Galaxy S7 (Metro PCS) | SM-G930T | Qualcomm MSM8996 Snapdragon 820 | |

| Galaxy S7 (Unlocked) | SM-G930U | Qualcomm MSM8996 Snapdragon 820 | ███████████ |
| Galaxy S7 (Verizon) | SM-G930V | Qualcomm MSM8996 Snapdragon 820 | ███████████ |
| Galaxy S7 edge (AT&T) | SM-G935A | Qualcomm MSM8996 Snapdragon 820 | ███████████ |
| Galaxy S7 edge (Sprint) | SM-G935P | Qualcomm MSM8996 Snapdragon 820 | ███████████ |
| Galaxy S7 edge (US Cellular) | SM-G935R | Qualcomm MSM8996 Snapdragon 820 | ███████████ |
| Galaxy S7 edge (T- Mobile) | SM-G935T | Qualcomm MSM8996 Snapdragon 820 | ███████████ |
| Galaxy S7 edge | SM-G935U | Qualcomm MSM8996 Snapdragon 820 | ███████████ |
| Galaxy S8 | SM-G950U | Qualcomm MSM8998 Snapdragon 835 | ███████████ |
| Galaxy S8+ | SM-G955U | Qualcomm MSM8998 Snapdragon 835 | ███████████ |
| Galaxy S9 | SM-G960U | Qualcomm SDM845 Snapdragon 845 | ███████████ |
| Galaxy S9+ | SM-G965U | Qualcomm SDM845 Snapdragon 845 | ███████████ |
| Galaxy S10e | SM-G970U | Qualcomm SM8150 Snapdragon 855 | ███████████ |
| Galaxy S10 | SM-G973U | Qualcomm SM8150 Snapdragon 855 | ███████████ |
| Galaxy S10+ | SM-G975U | Qualcomm SM8150 Snapdragon 855 | ███████████ |
| Galaxy S10 5G (Sprint) | SM-G977P | Qualcomm SM8150 Snapdragon 855 | ███████████ |

| Galaxy S10 5G (T-Mobile) | SM-G977T | Qualcomm SM8150 Snapdragon 855 | ███ |
|---|---|---|---|
| Galaxy S10 5G Crown Silver, (Verizon) | SM-G977U | Qualcomm SM8150 Snapdragon 855 | ███ |
| Galaxy S20 5G | SM-G981U | Qualcomm SM8250 Snapdragon 865 5G | ███ |
| Galaxy S20 5G UW | SM-G981V | Qualcomm SM8250 Snapdragon 865 5G | ███ |
| Galaxy S20+ 5G | SM-G986U | Qualcomm SM8250 Snapdragon 865 5G | ███ |
| Galaxy S20 Ultra 5G | SM-G988U | Qualcomm SM8250 Snapdragon 865 5G | ███ |
| Galaxy S21 5G | SM-G991U | Qualcomm SM8350 Snapdragon 888 5G | ███ |
| Galaxy S21+ 5G | SM-G996U | Qualcomm SM8350 Snapdragon 888 5G | ███ |
| Galaxy S21 Ultra 5G | SM-G998U | Qualcomm SM8350 Snapdragon 888 5G | ███ |
| Galaxy S21 FE 5G | SM-G990U | Qualcomm SM8350 Snapdragon 888 5G | ███ |
| Galaxy S22 Ultra | SM-S908U | Qualcomm SM8450 Snapdragon 8 Gen 1 | ███ |
| Galaxy S22+ | SM-S906U | Qualcomm SM8450 Snapdragon 8 Gen 1 | ███ |
| Galaxy S22 | SM-S901U | Qualcomm SM8450 Snapdragon 8 Gen 1 | ███ |
| Galaxy J2 Dash | SM-J260A | Exynos 7570 Quad | ██ |

█████████████████████████

| | | | |
|---|---|---|---|
| Galaxy J2 | SM-J260T | Qualcomm Snapdragon 425 MSM8917 Exynos7570 | ██ |
| Galaxy J3 (Unlocked) | SM-J320A | Exynos 3475 Quad | ██ |
| Galaxy J3 Emerge (Boost Mobile) | SM-J327P | Qualcomm MSM8917 MSM8937 Snapdragon 430 | ████████████████████ |
| Galaxy J3 2017 (Unlocked) | SM-J327U | Exynos 7570 Quad | ██ |
| Galaxy Amp Prime 3 2018 (Cricket) | SM-J337A | Exynos 7570 Quad | ██ |
| Galaxy J3 Achieve 2018 (Boost) | SM-J337P | Exynos 7570 Quad | ██ |
| Galaxy J3 Aura (US Cellular) | SM-J337R | Exynos 7570 Quad | ██ |
| Galaxy J3 Star (T-Mobile) | SM-J337T | Exynos 7570 Quad | ██ |
| Galaxy J3 2018 (Unlocked) | SM-J337U | Exynos 7570 Quad | ██ |
| Galaxy J3 2018 (Verizon) | SM-J337V | Exynos 7570 Quad | ██ |
| Galaxy Halo | SM-J727A | Qualcomm MSM8953 Snapdragon 625 Eynos7870 | ██ |
| Galaxy J7 Prime (Metro by T-Mobile) | SM-J727T | Qualcomm MSM8953 Snapdragon 625 Eynos7870 | ██ |
| Galaxy J7 (Unlocked) | SM-J727U | Qualcomm MSM8953 Snapdragon 625 Eynos7870 | ██ |
| Galaxy J7 (Verizon) | SM-J727V | Qualcomm MSM8953 Snapdragon 625 Eynos7870 | ██ |
| Galaxy J7 Perx | SM-J727P | Qualcomm MSM8953 Snapdragon 625 | ███████████ |

███████████████████████████████

| Galaxy J7 (AT&T) | SM-J737A | Exynos 7870 Octa | ██ |
|---|---|---|---|
| Galaxy J7 Refine 2018(Boost) | SM-J737 P | Exynos 7870 Octa | ██ |
| Galaxy J7 Star (Metro by T-Mobile) | SM-J737T | Exynos 7870 Octa | ██ |
| Galaxy J7 (Unlocked) | SM-J737U | Exynos 7870 Octa | ██ |
| Galaxy J7 (Verizon) | SM-J737V | Exynos 7870 Octa | ██ |
| Galaxy Note5 (AT&T) | SM-N920A | Exynos 7420 Octa | ██ |
| Galaxy Note5 (Sprint) | SM-N920P | Exynos 7420 Octa | ██ |
| Galaxy Note5 (US Cellular) | SM-N920R | Exynos 7420 Octa Qualcomm MDM9635 | ████████████ |
| Galaxy Note5 (T-Mobile) | SM-N920T | Exynos 7420 Octa | ██ |
| Galaxy Note5 (Verizon) | SM-N920V | Exynos 7420 Octa Qualcomm MDM9635 | ████████████ |
| Galaxy Note7 (Verizon) | SM-N930V | Qualcomm MSM8996 Snapdragon 820 | ██ |
| Galaxy Note7 (AT&T) | SM-N930A | Qualcomm MSM8996 Snapdragon 820 | ████████████ |
| Galaxy Note7 (Sprint) | SM-N930P | Qualcomm MSM8996 Snapdragon 820 | ████████████ |
| Galaxy Note7 (T-Mobile) | SM-N930T | Qualcomm MSM8996 Snapdragon 820 | ████████████ |
| Galaxy Note8 | SM-N950U | Qualcomm MSM8998 Snapdragon 835 | ██ |
| Galaxy Note9 | SM-N960U | Qualcomm SDM845 Snapdragon 845 | █████████████ |
| Galaxy Note10 | SM-N970U | Qualcomm SM8150 Snapdragon 855 | ███████████████ |

███████████████████████████

| Galaxy Note10+ CPO | SM-N975U | Qualcomm SM8150 Snapdragon 855 | ██ |
|---|---|---|---|
| Galaxy Note10+ 5G | SM-N976U | Qualcomm SM8150 Snapdragon 855 | ██████████ |
| Galaxy Note10+ 5G (Verizon) | SM-N976V | Qualcomm SM8150 Snapdragon 855 | ██████████ |
| Galaxy Note20 5G | SM-N981U | Qualcomm SM8250 Snapdragon 865 5G+ | ██████████ |
| Galaxy Note20 Ultra SG | SM-N986U | Qualcomm SM8250 Snapdragon 865 5G+ | ████████ |
| Samsung Galaxy Tab A 8.0 (2018) | SM-T387V | Qualcomm MSM8917 Snapdragon 425 | ████████ |
| Samsung Galaxy Tab A 8.4 (2020) | SM-T307U | Exynos 7904 | ██ |
| Samsung Galaxy View2 | SM-T927A | Exynos 7884 | ██ |
| Samsung Galaxy Watch Active2 | SM-R835U | Exynos 9110 | ██ |
| Samsung Galaxy Watch3 | SM-R845U | Exynos 9110 | ██ |
| Samsung Galaxy Watch4 | SM-R865U | Exynos W920 | ██ |
| Samsung Galaxy Watch4 Classic | SM-R89SU | Exynos W920 | ██ |

**SCHEDULE B**

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| Galaxy Note5 | SM-N920R | Qualcomm MDM9635 | ███ |
| Galaxy Note5 | SM-N920V | Qualcomm MDM9635 | ███ |
| Samsung Galaxy Tab A 8.0 (2017) | SM-T385 | Qualcomm MSM8917 Snapdragon 425 | ███ |
| Samsung Galaxy Tab A 8.0 (2018) | SM-T387V | Qualcomm MSM8917 Snapdragon 425 | ███ |
| Galaxy J3 Emerge | SM-J327P | Qualcomm MSM8917 Snapdragon 430 | ███ |
| Galaxy J7 Perx | SM-J727P | Qualcomm MSM8953 Snapdragon 625 | ███ |
| Galaxy S7 | SM-G930A | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 | SM-G930P | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 | SM-G930R | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 | SM-G930T | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 | SM-G930U | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 | SM-G930V | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 edge | SM-G935A | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 edge | SM-G935P | Qualcomm MSM8996 Snapdragon 820 | ███ |
| Galaxy S7 | SM-G935R | Qualcomm | ███ |

13

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| edge | | MSM8996 Snapdragon 820 | █████████ |
| Galaxy S7 edge | SM-G935T | Qualcomm MSM8996 Snapdragon 820 | █████████ |
| Galaxy S7 edge | SM-G935U | Qualcomm MSM8996 Snapdragon 820 | █████████ |
| Galaxy Note7 | SM-N930V | Qualcomm MSM8996 Snapdragon 820 | █████████ |
| Galaxy Note7 | SM-N930A | Qualcomm MSM8996 Snapdragon 820 | █████████ |
| Galaxy Note7 | SM-N930P | Qualcomm MSM8996 Snapdragon 820 | █████████ |
| Galaxy Note7 | SM-N930T | Qualcomm MSM8996 Snapdragon 820 | █████████ |
| Samsung Galaxy Tab S3 9.7 | SM-T825 | Qualcomm MSM8996 Snapdragon 820 | █████████ |
| Galaxy S8 Active | SM-G892A | Qualcomm MSM8998 Snapdragon 835 | █████████ |
| Galaxy S8 Active | SM-G892U | Qualcomm MSM8998 Snapdragon 835 | █████████ |
| Galaxy S8 | SM-G950U | Qualcomm MSM8998 Snapdragon 835 | █████████ |
| Galaxy S8+ | SM-G955U | Qualcomm MSM8998 Snapdragon 835 | █████████ |
| Galaxy S8+ | SM-G955P | Qualcomm MSM8998 Snapdragon 835 | █████████ |
| Galaxy S8+ | SM-G955T | Qualcomm MSM8998 Snapdragon 835 | █████████ |
| Galaxy S8+ | SM-G955V | Qualcomm MSM8998 Snapdragon 835 | █████████ |
| Galaxy | SM-N950U | Qualcomm | █████████ |

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| Note8 | | MSM8998 Snapdragon 835 | |
| Samsung Galaxy Tab S4 10.5 | SM-T835 | Qualcomm MSM8998 Snapdragon 835 | |
| Samsung Galaxy Tab A 8.0 (2019) | SM-T295 | Qualcomm SDM429 Snapdragon 429 | |
| Galaxy A01 | SM-A015F | Qualcomm SDM439 Snapdragon 439 | |
| Galaxy A02s | SM-A025U | Qualcomm SDM450 Snapdragon 450 | |
| Galaxy A02s | SM-A025V | Qualcomm SDM450 Snapdragon 450 | |
| Galaxy A11 | SM-A115F | Qualcomm SDM450 Snapdragon 450 | |
| Samsung Galaxy Tab A 10.5 | SM-T595 | Qualcomm SDM450 Snapdragon 450 | |
| Samsung Galaxy Tab S5e | SM-T725 | Qualcomm SDM670 Snapdragon 670 | |
| Galaxy S9 | SM-G960U | Qualcomm SDM845 Snapdragon 845 | |
| Galaxy S9+ | SM-G965U | Qualcomm SDM845 Snapdragon 845 | |
| Galaxy Note9 | SM-N960U | Qualcomm SDM845 Snapdragon 845 | |
| Samsung Galaxy Tab A7 10.4 (2020) | SM-T505 | Qualcomm SM6115 Snapdragon 662 | |
| Samsung Galaxy Tab S6 Lite (2022) | SM-P619 | Qualcomm SM7125 Snapdragon 720G | |
| Galaxy A42 5G | SM-A426U | Qualcomm SM7225 Snapdragon 750G 5G | |
| Galaxy A52 5G | SM-A526U | Qualcomm SM7225 Snapdragon 750G 5G | |

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| Samsung Galaxy Tab S7 FE | T736B | Qualcomm SM7225 Snapdragon 750G 5G | |
| Galaxy A51 5G UW | SM-A516V | Qualcomm SM7250 Snapdragon 765G 5G | |
| Galaxy A71 5G | SM-A716U | Qualcomm SM7250-3-AB | |
| Galaxy A71 5G UW | SM-A716V | Qualcomm SM7250 Snapdragon 765G 5G | |
| Galaxy Fold | SM-F900U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy Fold 5G | SM-F907U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy S10 Lite | SM-G770F | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy S10e | SM-G970U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy S10 | SM-G973U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy S10+ | SM-G975U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy S10 5G | SM-G977P | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy S10 5G | SM-G977T | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy S10 5G Crown Silver | SM-G977U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy Note10 | SM-N970U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy Note10 5G | SM-N971U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy Note10+ CPO | SM-N975U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy Note10+ 5G | SM-N976U | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy | SM-N976V | Qualcomm SM8150 | |



| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| Note10+ 5G | | Snapdragon 855 | |
| Samsung Galaxy Tab S6 | SM-T865 | Qualcomm SM8150 Snapdragon 855 | |
| Galaxy Z Flip | SM-F700U | Qualcomm SM8150 Snapdragon 855+ | |
| Samsung Galaxy Tab S6 5G | T866N | Qualcomm SM8150 Snapdragon 855+ | |
| Galaxy S20 FE 5G | SM-G781U | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy S20 FE 5G UW | SM-G781V | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy S20 5G | SM-G981U | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy S20 5G UW | SM-G981V | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy S20+ 5G | SM-G986U | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy S20 Ultra 5G | SM-G988U | Qualcomm SM8250 Snapdragon 865 5G | |
| Galaxy Z Flip 5G | SM-F707U | Qualcomm SM8250 Snapdragon 865 5G+ | |
| Galaxy Z Fold2 5G | SM-F916U | Qualcomm SM8250 Snapdragon 865 5G+ | |
| Galaxy Note20 5G | SM-N981U | Qualcomm SM8250 Snapdragon 865 5G+ | |
| Galaxy Note20 | SM-N986U | Qualcomm SM8250 Snapdragon 865 5G+ | |

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| Ultra | | | |
| Samsung Galaxy Tab S7 | SM-T875 | Qualcomm SM8250 Snapdragon 865 5G+ | |
| Samsung Galaxy Tab S7 | SM-T876B | Qualcomm SM8250 Snapdragon 865 5G+ | |
| Samsung Galaxy Tab S7+ | SM-T976B | Qualcomm SM8250 Snapdragon 865 5G+ | |
| Galaxy Z Flip3 5G | SM-F711U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy Z Fold3 5G | SM-F926U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy S21 5G | SM-G991U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy S21+ 5G | SM-G996U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy S21 Ultra 5G | SM-G998U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy S21 FE 5G | SM-G990U | Qualcomm SM8350 Snapdragon 888 5G | |
| Galaxy S22 Ultra | SM-S908U | Qualcomm SM8450 Snapdragon 8 Gen 1 | |
| Galaxy S22+ | SM-S906U | Qualcomm SM8450 Snapdragon 8 Gen 1 | |
| Galaxy S22 | SM-S901U | Qualcomm SM8450 Snapdragon 8 Gen 1 | |
| Galaxy A05s | SM-A057F | Qualcomm \| SM6225 | |
| Galaxy A05s | SM-A057F/DS | Qualcomm \| SM6225 | |
| Galaxy A05s | SM-A057M | Qualcomm \| SM6225 | |
| Galaxy A05s | SM-A057M/DS | Qualcomm \| SM6225 | |



███████████████████████████████

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| Galaxy A23 | SM-A235F | Qualcomm \| SM6225 | ██████████████ |
| Galaxy A23 | SM-A235F/DS | Qualcomm \| SM6225 | ██████████████ |
| Galaxy A23 | SM-A235F/DSN | Qualcomm \| SM6225 | ██████████████ |
| Galaxy A23 | SM-A235M | Qualcomm \| SM6225 | ██████████████ |
| Galaxy A23 | SM-A235M/DS | Qualcomm \| SM6225 | ██████████████ |
| Galaxy A23 5G | SM-A236U | Qualcomm \| SM6375 | ██████████ |
| Galaxy A23 5G | SM-A236U1 | Qualcomm \| SM6375 | ██████████ |
| Galaxy A23 5G | SM-A236B | Qualcomm \| SM6375 | ██████████ |
| Galaxy A23 5G | SM-A236B/DS | Qualcomm \| SM6375 | ██████████ |
| Galaxy A23 5G | SM-A236B/DSN | Qualcomm \| SM6375 | ██████████ |
| Galaxy A23 5G | SM-A236E | Qualcomm \| SM6375 | ██████████ |
| Galaxy A73 5G | SM-A736B | Qualcomm \| SM7325-2-AB | ████████████████ |
| Galaxy A73 5G | SM-A736B/DS | Qualcomm \| SM7325-2-AB | ████████████████ |
| Galaxy F14 | SM-E146B | Does not contain a Qualcomm chipset (identified incorrectly in previous disclosures) | ██ |
| Galaxy F14 | SM-E146B/DS | Does not contain a Qualcomm chipset (identified incorrectly in previous disclosures) | ██ |
| Galaxy F23 | SM-E236B | Qualcomm \| SM7225-2-AB | █████████████ |
| Galaxy F23 | SM-E236B/DS | Qualcomm \| | ██████████ |

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| | | SM7225-2-AB | ████████████ |
| Galaxy M14 | SM-M146B | Does not contain a Qualcomm chipset (identified incorrectly in previous disclosures) | ██ |
| Galaxy M14 | SM-M146B/DS | Does not contain a Qualcomm chipset (identified incorrectly in previous disclosures) | ██ |
| Galaxy M14 | SM-M146B/DSN | Does not contain a Qualcomm chipset (identified incorrectly in previous disclosures) | ██ |
| Galaxy M23 | SM-M236B | Qualcomm \| SM7225-2-AB | ████████████████ |
| Galaxy M23 | SM-M236B/DS | Qualcomm \| SM7225-2-AB | ███████████████ |
| Galaxy M23 | SM-M236L | Qualcomm \| SM7225-2-AB | ███████████████ |
| Galaxy S23 | SM-S911B | Qualcomm \| SM8550 | ████████████ |
| Galaxy S23 | SM-S911B/DS | Qualcomm \| SM8550 | ████████████ |
| Galaxy S23 | SM-S911U | Qualcomm \| SM8550 | ████████████ |
| Galaxy S23 | SM-S911U1 | Qualcomm \| SM8550 | ████████████ |
| Galaxy S23 | SM-S911E | Qualcomm \| SM8550 | ██████ |
| Galaxy S23 | SM-S911E/DS | Qualcomm \| SM8550 | ██████ |
| Galaxy S23 FE | SM-S711U1 | Qualcomm \| SM8450 | ██████████ |
| Galaxy S23 FE | SM-S711U | Qualcomm \| SM8450 | ██████████ |
| Galaxy S23 Ultra | SM-S918 | Qualcomm \| SM8550 | █████████ |
| Galaxy S23 | SM-S918B | Qualcomm \| SM8550 | ██████████ |

| Model | Model No. | Chipset | Build ID |
|-------|-----------|---------|----------|
| Ultra | | | |
| Galaxy S23 Ultra | SM-918B/DS | Qualcomm \| SM8550 | |
| Galaxy S23 Ultra | SM-S918U | Qualcomm \| SM8550 | |
| Galaxy S23 Ultra | SM-S918U1 | Qualcomm \| SM8550 | |
| Galaxy S23 Ultra | SM-S918E | Qualcomm \| SM8550 | |
| Galaxy S23 Ultra | SM-S918E/DS | Qualcomm \| SM8550 | |
| Galaxy S23+ | SM-S916B | Qualcomm \| SM8550 | |
| Galaxy S23+ | SM-S916B/DS | Qualcomm \| SM8550 | |
| Galaxy S23+ | SM-S916U | Qualcomm \| SM8550 | |
| Galaxy S23+ | SM-S916U1 | Qualcomm \| SM8550 | |
| Galaxy S23+ | SM-S9160 | Qualcomm \| SM8550 | |
| Galaxy S23+ | SM-S916E | Qualcomm \| SM8550 | |
| Galaxy S23+ | SM-S916E/DS | Qualcomm \| SM8550 | |
| Galaxy S24 | SM-S921U | Qualcomm \| SM8650 | |
| Galaxy S24 | SM-S921U1 | Qualcomm \| SM8650 | |
| Galaxy S24 | SM-S921E | Qualcomm \| SM8650 | |
| Galaxy S24 | SM-S921E/DS | Qualcomm \| SM8650 | |
| Galaxy S24 Ultra | SM-S928B | Qualcomm \| SM8650 | |
| Galaxy S24 Ultra | SM-S928B/DS | Qualcomm \| SM8650 | |

| Model | Model No. | Chipset | Build ID |
|-------|-----------|---------|----------|
| Galaxy S24 Ultra | SM-S928U | Qualcomm \| SM8650 | ■■■■■■■ |
| Galaxy S24 Ultra | SM-S928U1 | Qualcomm \| SM8650 | ■■■■■■■■ |
| Galaxy S24 Ultra | SM-S928E | Qualcomm \| SM8650 | ■■■■■■■■ |
| Galaxy S24 Ultra | SM-S928E/DS | Qualcomm \| SM8650 | ■■■ |
| Galaxy S24+ | SM-S926U | Qualcomm \| SM8650 | ■■■■■■■ |
| Galaxy S24+ | SM-S926U1 | Qualcomm \| SM8650 | ■■■■■■■■ |
| Galaxy S24+ | SM-S926E | Qualcomm \| SM8650 | ■■■ |
| Galaxy S24+ | SM-S926E/DS | Qualcomm \| SM8650 | ■■ |
| Galaxy XCover6 Pro | SM-G556B | Does not contain a Qualcomm chipset (identified incorrectly in previous disclosures) | ■ |
| Galaxy XCover6 Pro | SM-G556BU1 | Qualcomm \| SM7325-2-AB | ■■ |
| Galaxy XCover6 Pro | SM-G556B/DS | Qualcomm \| SM7325-2-AB | ■■ |
| Galaxy Z Flip4 | SM-F721B | Qualcomm \| SM8475 | ■■■■■■■■ |
| Galaxy Z Flip4 | SM-F721B/DS | Qualcomm \| SM8475 | ■■■■■■■■ |
| Galaxy Z Flip4 | SM-F721U | Qualcomm \| SM8475 | ■■■■■■ |
| Galaxy Z Flip4 | SM-F721U1 | Qualcomm \| SM8475 | ■■■■■■ |
| Galaxy Z Flip5 | SM-F731B | Qualcomm \| SM8550 | ■■■■■■ |
| Galaxy Z Flip5 | SM-F731B/DS | Qualcomm \| SM8550 | ■■■■■■ |
| Galaxy Z | SM-F731U | Qualcomm \| SM8550 | ■■■■■ |

| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| Flip5 | | | ██████████ |
| Galaxy Z Flip5 | SM-F731U1 | Qualcomm \| SM8550 | ██████████ |
| Galaxy Z Fold4 | SM-F936B | Qualcomm \| SM8475 | ██████████ |
| Galaxy Z Fold4 | SM-F936B/DS | Qualcomm \| SM8475 | ██████████ |
| Galaxy Z Fold4 | SM-F936U | Qualcomm \| SM8475 | ██████████ |
| Galaxy Z Fold4 | SM-F936U1 | Qualcomm \| SM8475 | ██████████ |
| Galaxy Z Fold5 | SM-F946B | Qualcomm \| SM8550 | ██████████ |
| Galaxy Z Fold5 | SM-F946B/DS | Qualcomm \| SM8550 | ██████████ |
| Galaxy Z Fold5 | SM-F946U | Qualcomm \| SM8550 | ██████████ |
| Galaxy Z Fold5 | SM-F946U1 | Qualcomm \| SM8550 | ██████████ |
| Samsung Galaxy Tab Active Pro | SM-T547U | Qualcomm \| SDM670 | ██████████ |
| Samsung Galaxy Tab S8 | SM-X706B | Qualcomm \| SM8450 | ██████████ |
| Samsung Galaxy Tab S8 Ultra | SM-X906B | Qualcomm \| SM8450 | ██████████ |
| Samsung Galaxy Tab S8+ | SM-X806B | Qualcomm \| SM8450 | ██████████ |
| Galaxy Tab A9+ | SM-X215 | Qualcomm \| SM6375 | █████ |
| Galaxy Tab A9+ | SM-X216B | Qualcomm \| SM6375 | ██████████ |



| Model | Model No. | Chipset | Build ID |
|---|---|---|---|
| | | | |
| Galaxy Tab Active4 Pro 5G | SM-T636B | Qualcomm \| SM7325-2-AB | |
| Galaxy Tab Active4 Pro 5G | SM-T638U | Qualcomm \| SM7325-2-AB | |
| Galaxy Tab S9 | SM-X716B | Qualcomm \| SM8550 | |
| Galaxy Tab S9 | SM-X718U | Qualcomm \| SM8550 | |
| Galaxy Tab S9 Ultra | SM-X916B | Qualcomm \| SM8550 | |
| Galaxy Tab S9 Ultra | SM-X918U | Qualcomm \| SM8550 | |
| Galaxy Tab S9 Ultra | SM-X918U | Qualcomm \| SM8550 | |
| Galaxy Tab S9+ | SM-X816B | Qualcomm \| SM8550 | |
| Galaxy Tab S9+ | SM-X818U | Qualcomm \| SM8550 | |

# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BAXALTA INCORPORATED, BAXALTA US  )
INC. and NEKTAR THERAPEUTICS,  )
                                )
          Plaintiffs and  )
          Counterclaim Defendants,  )
                                )
     v.  )         Civil Action No. 17-1316-RGA-SRF
                                )
BAYER HEALTHCARE LLC,  )
                                )
          Defendant.  )
                                )

## **ORDER**

At Wilmington this **9th** day of **September, 2019**,

WHEREAS, on June 5, 2019, the court held a telephonic discovery hearing in this matter

regarding, *inter alia*, production of documents from plaintiff Nektar Therapeutics' ("Nektar")

backup tapes, ordered plaintiffs Baxalta Incorporated, Baxalta US Inc., and Nektar ("plaintiffs")

to recover and produce responsive documents from a sampling of 100 backup tapes, and ordered

that defendant Bayer Healthcare LLC ("Bayer") may "ask for an additional sampling" "within

two weeks of that production" (6/5/19 Tr. at 27:5-29:6);

WHEREAS, on June 19, 2019 and June 21, 2019, lists of approximately 1,200 backup

tapes[1] were sent to Bayer (D.I. 276 at ¶ 3);

WHEREAS, on June 28, 2019, Bayer selected 100 backup tapes from the list of available

tapes (D.I. 276 at ¶ 4);

---

[1] At the time of the June 5, 2019 discovery dispute teleconference, plaintiffs identified a total of
808 backup tapes. (D.I. 276 at ¶ 3) Plaintiffs subsequently located additional backup tapes.
(*Id.*)

WHEREAS, on July 18, 2019, plaintiffs began production from the selected sampling of 100 backup tapes;[2]

WHEREAS, on August 9, 2019, plaintiffs completed the production of documents from the sampling of 100 backup tapes (D.I. 276 at ¶ 7);

NOW THEREFORE, IT IS HEREBY ORDERED that Bayer's motion to compel plaintiffs to provide information sufficient to enable Bayer to identify by Bates number (i) documents that originated from plaintiffs' backup tapes, and (ii) the backup tape(s) from which each of plaintiffs' documents originated, is DENIED. Nektar represents that it has provided the metadata associated with the documents, which shows where a document was located on the servers. (D.I. 275 at 2) Moreover, Nektar has agreed to provide Bayer with information identifying which documents came from the backup tapes, and to cross reference information to identify whether a document came from a server located in San Francisco or Huntsville. (D.I. 276, Ex. A at 3) The court orders that such information shall be produced on or before **September 16, 2019**. Nektar has adequately demonstrated that determining the particular backup tape from which each document was recovered would be unduly burdensome[3] and would not lead to relevant information proportional to the needs of the case.[4]

---

[2] The Declaration of Richard F. Kurz outlines Nektar's process of collecting the tapes from off-site storage and shipping them to an electronic discovery vendor for processing. (D.I. 276 at ¶ 4)
[3] Plaintiffs indicate that this request would require manually cross-referencing data to piece together the information sought by Bayer. (D.I. 276, Ex. A at 3)
[4] Nektar explained that identifying the particular backup tape from which each document was recovered would not reveal "clusters" of documents around certain tapes, as Bayer suggests, because the particular backup tape from which a document came is a function of the recovery process and would not reflect the chronological appearance of the document. (D.I. 276, Ex. A at 3) According to Nektar, the vendor processed multiple backup tapes simultaneously, tapes from different servers and time periods were processed at the same time, and only the first identified document underwent further processing during the de-duplication process. (*Id.*) Moreover, the recovered documents were sent to counsel for review on a rolling basis over a period of several weeks. (*Id.*) Notwithstanding the foregoing, the yield of this process resulted in the production

IT IS FURTHER ORDERED that Bayer's alternative request to compel plaintiffs to produce all relevant, non-privileged documents from all of plaintiffs' backup tapes is DENIED. Bayer states that it "believes recovery of further backup tapes is warranted because the productions include highly relevant documents that are not duplicative of those in other productions." (D.I. 268 at 1)  Bayer provides no specifics regarding the basis for its belief, nor does it make a showing of good cause that the recovery of additional backup tapes would be likely to yield additional relevant discovery.[5] *See GlaxoSmithKline LLC v. Teva Pharm. USA, Inc.*, C.A. No. 14-878-LPS-CJB, 2016 WL 859229, at *3 (D. Del. Mar. 3, 2016) ("[I]f the possible existence of some other relevant, non-produced documents was always enough to demonstrate good cause to abandon the Default Standard's requirements, the Standard would be worth little."). There is no indication on the present record that Bayer has recovered data from its own backup tapes or hard copy archives reflecting communications from Bayer to Nektar's predecessor to establish the relevance and proportionality of a further production of backup tapes by plaintiffs.

Sherry R. Fallon
United States Magistrate Judge

---

of 600 documents, representing about 0.0016% of the documents that were recovered, while the vendor's invoices and plaintiffs' calculation of review time, as described in D.I. 275, were considerable. (D.I. 276 at ¶¶ 8, 13; Ex. A at 3)

[5] The record reflects that, in prior litigation before the Northern District of California, backup tapes dated December 2005 and April 2006 were restored from Nektar's Huntsville, Alabama location, and backup tapes dated February 2004 were restored from Nektar's San Francisco, California location, pursuant to 28 U.S.C. § 1782. (D.I. 168, Ex. A at 2, ¶¶ 3-5; D.I. 169, Ex. B at ¶¶ 3-5; D.I. 198, Ex. 2 at ¶ 7)  Nektar has already produced the § 1782 discovery in this case, and the data recovered from those backup tapes was included in the database of ESI that was searched in this case. (D.I. 196 at 4)  Nonetheless, plaintiffs note that Bayer's § 102(f) contentions regarding inventorship do not cite any ESI. (*Id.*)

3