# Exhibit A

# MORGAN FRANICH FREDKIN
# SIAMAS & KAYS LLP

SUITE 1050
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2735
(408) 288-8288
FAX (408) 288-8325

DWASLIF@MFFMLAW.COM
(408) 288-8288 x 120

DONN WASLIF

February 20, 2024

**VIA FEDERAL EXPRESS**

Corey Johanningmeier
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063

*(Counsel for TOT Power Control, S.L.)*

Re:    *TOT Power Control, S.L. v. Samsung Electronics Co., Ltd., et al.*
Case No. 1:21-cv-01305-MN (D. Del.)

Dear Corey:

Enclosed please find seven (7) copies of source code printouts, Bates numbers
Q2TOTSAMSUNG1305SC0000240 - Q2TOTSAMSUNG1305SC0000258, printed by Samsung
Electronics Co., Ltd on February 12, 2024, in the above-referenced matter. This production is
designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"
pursuant to the Supplemental Protective Order in this case and must be treated accordingly. As a
reminder, you may not copy source code printouts or ship them to another location.

Please do not hesitate to contact me if you should have any questions.

Very truly yours,

DONN WASLIF

DW:av
Enclosures

# Exhibit B

 Outlook

---

# RE: Request for meet & confer re Qualcomm MSM6250

**From** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>

**Date** Wed 9/18/2024 10:40 AM

**To** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com <TOTHausfeldTeam@hausfeld.com>; bfarnan@farnanlaw.com <bfarnan@farnanlaw.com>; mfarnan@farnanlaw.com <mfarnan@farnanlaw.com>; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>

---

> **[EXTERNAL]**

Hillary,

Apple will agree not to rely on the Qualcomm MSM6250 chip as an asserted prior art reference, which means Apple will not assert that it anticipates the asserted claims or renders the asserted claims obvious in combination with other prior art references. Apple reserves the right to rely on the chip in connection with Dr. Stark's opinions that the reference discloses certain claim elements for purposes of Graham factor analysis, noninfringing alternatives, and other damages or scope of invention issues.

Like LGE, Apple also does not approve of TOT sending the email you have drafted to the Court.

Regards,

Michael

## Michael Strapp

Partner

---

T +1 617 406 6031
F +1 617 406 6174
M +1 917 518 3828
michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**

dlapiper.com

---

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Wednesday, September 18, 2024 1:19 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Hillary,

LGE is willing to confirm that it does not intend to rely on the Qualcomm MSM6200/6250 and associated Qualcomm source code as asserted prior art that anticipates the asserted claims, or as asserted prior art in combination with other references that renders the asserted claims obvious, if TOT will drop its motion to strike as it pertains to LGE.

To be clear, we do not approve sending the below email. Please let us know if you would like to discuss.

Best,
Jeff

**Jeff Castellano**
Of Counsel

_____

T  +1 302 468 5671
F   +1 302 691 4771
M  +1 570 814 9591
jeff.castellano@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Wednesday, September 18, 2024 1:25 AM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

 EXTERNAL MESSAGE

Counsel:

We will be sending this email to the court tomorrow (Wednesday). Please send us any additions by 5 pm EST.

Dear Ms. Welham,

Plaintiff TOT Power Control, S.L. and Defendants LG Electronics USA, Inc., LG Electronics, Inc., Apple Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. respectfully request a discovery hearing on striking from Defendants' expert reports any invalidity opinions relating to the Qualcomm MSM6250 chip.

This issue affects TOT's rebuttal expert reports due on September 27, 2024.

-------------------------------------

@Jeff:  You asked on the meet and confer today whether, if LG agrees not to advance invalidity theories based on the MSM6250 chip, such agreement would moot the dispute that is the subject of TOT's motion to strike.  As mentioned, we will consider any proposal you send.  Please send any such proposal ASAP so we can consider.

@Josh:  We do not agree that the DOE issue should be submitted to the court with TOT's request.  TOT just received Defendants' positions this morning, which we are still investigating.  And we do not agree that this morning's meet and confer satisfied the conferral obligations—which I explicitly stated on the call.



Hillary N. Bunsow

*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Tuesday, September 17, 2024 5:30 PM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

[EXTERNAL]

Hillary,

Following up on today's meet-and-confer, Samsung opposes TOT's motion to strike for at the least the reason that the theories on which Samsung relies relating to the Qualcomm MSM6250 chipset were sufficiently disclosed in contentions.

Further, unless TOT agrees to withdraw Dr. Larson's improper DOE opinions that the defendants have identified, Samsung sees no reason why the two motions to strike should not be presented to the Court simultaneously.

Thanks,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Monday, September 16, 2024 4:20 PM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>;

1/28/25, 9:53 AM   RE: Request for meet & confer re Qualcomm MSM6250 - Jeff Castellano - Outlook

TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Same for Samsung.


**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Monday, September 16, 2024 4:19 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

That time works for LGE.

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Monday, September 16, 2024 4:17 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250


⚠ EXTERNAL MESSAGE

Samsung/LG:  Are you available tomorrow at 1 pm ET?



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com


NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Sent:** Monday, September 16, 2024 1:07 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Hillary,

One clarification: we are available tomorrow from 1-2 pm ET.  We are not available before noon ET tomorrow.

Thank you,

Michael


**Michael Strapp**
Partner

_____

T  +1 617 406 6031
F  +1 617 406 6174
M  +1 917 518 3828
michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Strapp, Michael G.
**Sent:** Monday, September 16, 2024 4:06 PM
**To:** 'Hillary Bunsow' <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

Hillary,

Apple is not available today.  We are available tomorrow either before noon ET or from 1-2 pm ET.

Regards,

Michael


**Michael Strapp**
Partner

_____

T  +1 617 406 6031
F  +1 617 406 6174
M  +1 917 518 3828
michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Monday, September 16, 2024 12:50 PM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

 EXTERNAL MESSAGE

Counsel for Apple and LG:  Are you also available to meet and confer today at or after 5:30 pm ET?



**Hillary N. Bunsow**

*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>
**Sent:** Monday, September 16, 2024 8:43 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: Request for meet & confer re Qualcomm MSM6250

**[EXTERNAL]**

Hillary,

Samsung is available to meet and confer today at or after 5:30 PM ET.

Thanks,
Josh

**Joshua S. Reisberg** | BLANK**ROME**
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Friday, September 13, 2024 3:34 PM
**To:** TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** Request for meet & confer re Qualcomm MSM6250

Counsel for Apple, LG and Samsung:

We intend to move the Court to strike from Defendants' expert reports any invalidity opinions relating to the Qualcomm MSM6250 chipset because Defendants' invalidity theories based on this product were not properly disclosed in the Defendants' Final Invalidity Contentions.  While Defendants generally identified in their Final Invalidity Contentions the MSM6250 as prior art that might anticipate or render obvious TOT's patents, Defendants never provided a claim chart for MSM6250 disclosing their invalidity theories for the product.

Qualcomm produced material regarding the MSM6250 prior to the final invalidity contention deadline of February 23, 2024.  However, Defendants did not provide a chart for the MSM6250 with their final contentions on February 23.  Rather, Defendants included a footnote in their contentions stating that discovery from Qualcomm is ongoing, and that they reserved the right to supplement their contentions with a claim chart directed at MSM6250.  But Defendants never supplemented their contentions with any such chart, even after obtaining additional discovery from Qualcomm.

TOT is prejudiced by Defendants' failure to disclose their MSM6250 invalidity theories per the schedule ordered by the Court, including because had the theories been disclosed, TOT could have questioned Qualcomm on the topic at the Qualcomm deposition on May 17 or sought additional discovery from Qualcomm.

Please let us know your availability for a meet and confer Monday.  To the extent Defendants do not agree to withdraw the MSM6250 invalidity theories from their expert reports, we intend to send the following email to the Court.  Please let us know if Defendants have anything to add.

Dear Ms. Welham,

Plaintiff TOT Power Control, S.L. and Defendants LG Electronics USA, Inc., LG Electronics, Inc., Apple Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.  respectfully request a discovery hearing on striking from Defendants' expert reports any invalidity opinions relating to the Qualcomm MSM6250 chip.

This issue affects TOT's rebuttal expert reports due on September 27, 2024.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727 o | +1-707-738-2455 m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com | hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use,

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TOT POWER CONTROL, S.L.,

                Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.,

                Defendants.

C.A. No. 21-cv-1305-MN

**Expert Report of Harry V. Bims, Ph.D.
Concerning the Invalidity of U.S. Patent Nos. 7,496,376 and 7,532,865**



i

















342



343



344







346



347



348



349



350



351



352



353



354



355



356



357



358











365













# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TOT POWER CONTROL, S.L.,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.,

        Defendants.

C.A. No. 21-cv-1305-MN

**Reply Expert Report of Harry V. Bims, Ph.D.
<u>Concerning the Invalidity of U.S. Patent Nos. 7,496,376 and 7,532,865</u>**

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOT POWER CONTROL, S.L.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　Defendants. | C.A. No. 21-cv-1305-MN |

**Expert Report of Nitin Kasturi**
**Concerning the Invalidity of U.S. Patent No. 7,532,865**



i

# Exhibit F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TOT POWER CONTROL, S.L.,

           Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.,

           Defendants.

C.A. No. 21-cv-1305-MN

**Reply Expert Report of Nitin Kasturi
<u>Concerning the Invalidity of U.S. Patent No. 7,532,865</u>**



# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOT POWER CONTROL, S.L. | |
| Plaintiff, | C.A. No. 21-1302-MN |
| v. | |
| APPLE INC. | |
| Defendants. | |
| TOT POWER CONTROL, S.L. | |
| Plaintiff, | C.A. No. 21-1304-MN |
| v. | |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC. | |
| Defendants. | |
| TOT POWER CONTROL, S.L., | |
| Plaintiff, | C.A. No. 21-1305-MN |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

## **DEFENDANTS' FINAL INVALIDITY CONTENTIONS**

██████████████████████████████████████████████

████████████████████████████████████████████████

# Exhibit H

# WCDMA Downlink Outer Loop Power Control

## Test Report on Commercial Devices



**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Downlink Outer Loop Power Control

RIDDLE
L A B S

# Table of Contents

**WCDMA Downlink Outer Loop Power Control** ............................................................................................i

**Test Report on Commercial Devices** ...................................................................................................i

**1      Introduction and Professional Qualifications** .........................................................................4

**2      Background information** ...........................................................................................................4

   2.1      Testing Overview ...............................................................................................................4

   2.2      WCDMA downlink power control ......................................................................................6

   2.3      Ec/Ior .................................................................................................................................6

   2.4      Block Error Rate (BLER).....................................................................................................7

   2.5      3GPP wind up conformance specification ........................................................................7

**3      Test setup** ............................................................................................................................. 10

   3.1      Phones............................................................................................................................. 10

   3.2      Network simulator .......................................................................................................... 12

   3.3      Lab setup ........................................................................................................................ 13

   3.4      Calibration and self-test ................................................................................................ 14

   3.5      Downlink power control parameters .............................................................................. 15

**4      Ec/Ior testing** ....................................................................................................................... 17

   4.1      Setup............................................................................................................................... 17

   4.2      Data logged .................................................................................................................... 17

   4.3      LG U880 window length 60, AWGN profile 1 ................................................................. 18

   4.4      LG U880 window length 30, AWGN profile 1 ................................................................. 21

   4.5      LG U880 window length 1, AWGN profile 1 ................................................................... 23

   4.6      LG U880 window length 30 AWGN profile 2 .................................................................. 25

   4.7      Nokia 6651 window length 60, AWGN profile 1 ............................................................ 27

   4.8      Nokia 6651 window length 30, AWGN profile 1 ............................................................ 30

   4.9      Nokia 6651 window length 1, AWGN profile 1 .............................................................. 32

   4.10     Nokia 6651 window length 30 AWGN profile 2 ............................................................. 34

   4.11     Samsung ZV10 window length 60, AWGN profile 1 ....................................................... 36

   4.12     Samsung ZV10 window length 30, AWGN profile 1 ....................................................... 39

   4.13     Samsung ZV10 window length 1, AWGN profile 1 ......................................................... 41

   4.14     Samsung ZV10 window length 30 AWGN profile 2 ........................................................ 43

   4.15     Samsung Galaxy S22 window length 60, AWGN profile 1 .............................................. 44

   4.16     Samsung Galaxy S22 window length 30, AWGN profile 1 .............................................. 48

   4.17     Samsung Galaxy S22 window length 1, AWGN profile 1 ................................................ 50

   4.18     Samsung Galaxy S9 window length 60, AWGN profile 1 ................................................ 52

   4.19     Samsung Galaxy S9 window length 30, AWGN profile 1 ................................................ 55

Riddle Labs LLC
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Downlink Outer Loop Power Control

4.20     Samsung Galaxy S9 window length 1, AWGN profile 1 ............................................. 57

**5       BLER testing ............................................................................................................... 59**

5.1     LG U880 BLER with AWGN profile 1 .................................................................... 60

5.2     LG U880 BLER with AWGN profile 2 .................................................................... 62

5.3     Nokia 6651 BLER with AWGN profile 1.................................................................. 63

5.4     Nokia 6651 BLER with AWGN profile 2.................................................................. 65

5.5     Samsung SGH-ZV10 BLER with AWGN profile 1 ................................................. 66

5.6     Samsung SGH-ZV10 BLER with AWGN profile 2 ................................................. 68

5.7     Samsung Galaxy S22 BLER with AWGN profile 1 ................................................ 69

5.8     Samsung Galaxy S9 BLER with AWGN profile 1 .................................................. 70

**6       Conclusions ................................................................................................................ 73**

**7       Exhibits ........................................................................................................................ 77**

**8       Reservation of Rights................................................................................................. 78**

Riddle Labs LLC
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER



Downlink Outer Loop Power Control

# 1   Introduction and Professional Qualifications

My name is Christopher Cooper Riddle and I'm the founder, owner, and sole proprietor of Riddle Labs LLC.  I have been retained as an independent testing expert on behalf of Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (hereafter, "Samsung") in the case captioned as *TOT Power Control S.L. v. Samsung Electronics Co., Ltd.*, *et al.*, No. 21-cv-1305-MN (D. Del.).  I have been asked to perform WCDMA downlink outer loop power control (OLPC) testing on certain commercial phones.  I am being compensated at a rate of $250 per hour.  I have no financial interest in this litigation and my compensation is not contingent on the conclusions I have drawn as a result of tests I have performed or affected by the outcome of this matter.

I received an MSEE from Stanford University in 1994, satisfying two areas of emphasis which were digital communications and digital signal processing. I worked at Qualcomm from 1994-2013 in several positions starting as an Engineer and ending as a VP of Engineering in the modem system engineering group. For several years I was the modem system engineering physical layer lead for Qualcomm's 3G WCDMA/GSM technology development, which included the commercialization of Qualcomm's first chipsets which supported WCDMA including the MSM6200 and MSM6250 chipsets.

In addition to department management, I had an active role in the testing of WCDMA performance, competitive analysis, and chipset power consumption. This included hands-on work in Qualcomm labs connecting test phones and eventually commercial phones to test equipment both developed at Qualcomm and developed externally including the Agilent 8960 test box.

The physical layer systems engineering team that I led was responsible for the development of WCDMA modem algorithms for all aspects of the WCDMA physical layer including acquisition, tracking, demodulation, decoding, transmission, handover, inter-RAT, and power control. While I was not personally responsible for the WCDMA downlink outer loop power control algorithm, I have a general familiarity with the algorithm and the relevant conformance tests.

My CV is attached to this report as Exhibit 1, which lists patents on which I am a named inventor.  I have not testified as an expert at trial or by deposition in the past four years. I have not authored any publications in the past 10 years.

# 2   Background information

## 2.1   Testing Overview

This test report includes measurements and analysis related to WCDMA downlink outer loop power control (OLPC) functionality in commercial phones, with a focus on wind-up caused by increased interference and subsequent unwinding caused by decreased interference. WCDMA is a 3G cellular standard and downlink means the direction from

Riddle Labs LLC
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Downlink Outer Loop Power Control

the network base stations to the phones (phone, device, user equipment, etc.). The purpose of the downlink OLPC algorithm is to set a signal to noise ratio target (SIRtarget) such that the network specified block error rate (BLER) target is achieved while minimizing the amount of power required from the cellular network equipment (Ec/Ior). Power control is fundamental to WCDMA networks because minimizing the power allocated for one phone allows the network, among other things, to spread all the available power simultaneously to many phones.

Phones built for WCDMA networks must comply with the set of technical standards developed by the 3rd Generation Partnership Project (3GPP) for WCDMA. The standards cover a range of aspects including radio access, core networks, and service capabilities. The standards ensure uniformity and interoperability across different mobile networks and devices. Downlink OLPC, including power control relating to wind-up, is included in the 3GPP standards but not all aspects of the downlink OLPC are specified. Exactly how downlink OLPC is implemented is left up to the device manufacturer or chipset and system software provider. Therefore, testing, or review of the design (including chipset system software), is needed to determine how downlink OLPC is implemented and functions in a phone.

WCDMA was developed and was deployed as a global 3G standard in Central and Eastern Europe, Japan, India, United States, and other regions. The 34.121 conformance test for downlink OLPC relating to wind-up was included as early as version 330 of 34.121, which was completed on December 21, 2000.[1] The first commercial WCDMA service was launched by NTT DoCoMo in Japan in 2001.[2] 3GPP standards define the measurement procedures for the conformance test of commercial phones, including those addressed in the 34.121 standard directed to wind-up.[3] Operators rely on certification bodies like GCF to certify that devices comply with 3GPP standards.

The tests included in this report in part replicate the wind-up test described in 34.121 and focus on the OLPC behavior before, during, and after the downlink experiences a period of extremely poor signal conditions. The SIRtarget set by the OLPC algorithm is used by an inner loop power control algorithm which works to achieve the target signal to noise ratio by sending UP or DOWN power control commands to the network at a rate of 1500 times per second. But when the extremely poor signal conditions occur, the inner loop power control is ineffective because the requested power from the network to the device is higher than the maximum amount of power the network can provide. This period of time where the downlink power is limited at the maximum allowed is called downlink power saturation.

---

[1] Based on the upload date shown on the 3gpp portal (portal.3gpp.org) for Specification #: 34.121 version 3.3.0.

[2] Specifically, October 1st 2001 as published by https://www.umtsworld.com/umts/history.htm.

[3] https://www.globalcertificationforum.org/about.html.

Riddle Labs LLC
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

5



Downlink Outer Loop Power Control



**Figure 4.  AWGN Profile 2 Stages**

The motivation for AWGN Profile 2 is to study how downlink Ec/Ior and BLER are affected when the AWGN level is reduced at a slower rate compared to AWGN Profile 1.

# 3  Test setup

## 3.1  *Phones*

Five commercial phones were tested: LG U880, Nokia 6651, Samsung SGH-ZV10, Samsung Galaxy S22, and Samsung Galaxy S9. Important details are shown below:[5]

---

[5] An LG U880, a Nokia 6651, and a Samsung Galaxy S22 device were obtained by counsel at Blank Rome LLP and sent to me, as addressed in the Declaration of Joshua S. Reisberg Regarding Procurement of Devices for Purposes of Testing, attached to this report as Exhibit 2. I tested the Nokia 6651 and Samsung Galaxy S22 devices obtained from Blank Rome.  I tested a separate LG U880 device that I obtained on my own.  I also obtained the Samsung SGH-ZV10 and Samsung Galaxy S9.  The details concerning my procurement of the tested LG U880, Samsung SGH-ZV10, and Samsung Galaxy S9 devices are included in Exhibit 9.

Riddle Labs LLC
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER



Downlink Outer Loop Power Control

**Table 2. Test phone details**

| Nokia 6651 | LG U880 |
|---|---|
|  | |
| IMEI: 357050006923118 | IMEI: 357050001728512 |
| Nokia 4377003 chipset | Qualcomm MSM6250 chipset |
| Software:<br>V 03.07 23-06-04  MMM-1 (dated June 23, 2004) | Software:<br>U880-MSM6250-V10a-OCT-27-2005-H3G-UK (dated October 27, 2005) |

| Samsung SGH-ZV10 |
|---|
|  |
| IMEI: 357158005559565 |
| Qualcomm MSM6250 chipset |
| Software:<br>ZV10BUEI3 (RF Cal dated Dec 3, 2005) |

Downlink Outer Loop Power Control

| Samsung Galaxy S22 | Samsung Galaxy S9 |
|---|---|
|  | |
| IMEI: 356724575503565 | IMEI: 355029092084763 |
| Qualcomm SM8450 Snapdragon 8 Gen 1 | Qualcomm SDM845 Snapdragon 845 |
| Software: MPSS.DE.2.0-00822.3-WAIPIO_GEN_PACK-1.11861.186.18201.341 | Software: MPSS.AT.4.0.c2.1-00545-SDM845_GEN_PACK-2 |

The software versions for the LG U880, Nokia 6651, and Samsung SGH-ZV10 devices were confirmed using dialer codes associated with the device. The software version for the LG U880 was confirmed using dialer code "142358#*#", then selecting "SW Version". The software version of the Nokia 6651 was determined using the dialer code "*#0000#". The software version of the Samsung SGH-ZV10 was determined using the dialer code "*#1234#" and also "*#9998*324#". The software version for the Samsung Galaxy S22 and Samsung Galaxy S9 were confirmed using the Qualcomm Unified Tools Service application version 1.75.2.9.

### 3.2  Network simulator

The Agilent 8960 series 10 E5515C wireless communications test set was used as the network simulator. This test set is also sold under the Keysight brand. The Agilent 8960 WCDMA test set is commonly used in the industry to test phone performance and compliance to the 3GPP standards. The Agilent 8960 is configurable, programmable, and able to create the required test conditions for the testing in this report.

The Agilent 8960 has many capabilities including multiple air interfaces including CDMA, EVDO, GSM/GPRS, and WCDMA. For testing in this report, it's essential that the test set includes support for closed loop downlink power control, which is available in the WCDMA Lab Application revision H. As shown in Figure 5, the WCDMA lab application software revision H E6703H is licensed.

Riddle Labs LLC
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Downlink Outer Loop Power Control



I declare under penalty of perjury that I believe the foregoing is true and correct to the best of my knowledge and ability.

Dated: August 22, 2024

Christopher C. Riddle.
Riddle Labs LLC

# Exhibit I

# WCDMA Downlink Outer Loop Power Control

**Reply Test Report on Commercial Devices**





Downlink Outer Loop Power Control

## Table of Contents

1    Introduction .................................................................................................................3

2    Lack of direct SIR target logging ...............................................................................5

3    CPICH and other overhead channel power levels.......................................................6

4    Step-wise increase in AWGN with 2 dB steps ......................................................... 11

5    Between Stage 1 and Stage 2 ................................................................................... 13

6    Slow SIR target convergence in TOT testing............................................................ 16

7    Exhibits .................................................................................................................... 20

8    Reservation of Rights............................................................................................... 20

Riddle Labs LLC



Downlink Outer Loop Power Control

# 1 Introduction

My name is Christopher Cooper Riddle, the same person who submitted an opening report dated August 22, 2024 and a responsive report dated October 1, 2024. I am being compensated at a rate of $250 per hour. I have no financial interest in this litigation and my compensation is not contingent on the conclusions I have drawn as a result of tests I have performed or affected by the outcome of this matter. My CV is attached as Exhibit 1 to my August 22, 2024, report, which lists patents on which I am a named inventor. I have not testified as an expert at trial or by deposition in the past four years. I have not authored any publications in the past 10 years.

This report provides my response, and describes certain investigations I undertook to respond, to criticisms of my testing methodology and results contained in the rebuttal expert report of Lawrence E. Larson dated October 1, 2024. I wish to note that the testing described in my October 1, 2024 report, just as in my August 22, 2024, described non-proprietary test methodologies using publicly available commercial test equipment and publicly available commercial devices. Although I understand from Samsung's lawyers that Dr. Larson is no longer relying on testing for purposes of his own affirmative opinions, each of Dr. Larson's opinions are based on a failure by Dr. Larson to properly investigate the issues that he contends results in my testing being unreliable. Neither Dr. Larson nor the testing consultants that supplied testing reports on which Dr. Larson relied for purposes of his August 23, 2024, report appeared to have performed any testing to support Dr. Larson's criticisms described in Section XI.D.3 of his October 1, 2024, rebuttal report. This is a fundamental flaw in Dr. Larson's analysis, as relatively simple testing, which I provide in connection with this report, would have revealed that each of Dr. Larson's criticisms are not well-founded and do not undermine the reliability of the conclusions that I have drawn from the testing described in my previous reports.

First, I reviewed and considered Dr. Larson's opinions provided in section XI.D.3 "Response to Riddle Opinions" as well as opinions based on two referenced documents on which Dr. Larson relies, TOT00112725-62 and TOT00170595.[1]

Second, I considered Dr. Larson's opinion about the relationship between target SIR, DPCH power levels, and downlink BLER.[2] Dr. Larson notes that my testing omits the direct observation of target SIR and that there might be special circumstances which override the normal updating of the target SIR.[3] He lists two special circumstances, including the setting of -3 dB for CPICH Ec/Ior, and the ramp-up of AWGN using 2 dB steps every 1 second.[4] My expectation reading Dr. Larson's report was that these special circumstances do not impact my overall conclusions as reported in my previous

---

[1] Larson Rebuttal Rep't ¶ 333.
[2] Larson Rebuttal Rep't ¶ 329.
[3] Larson Rebuttal Rep't ¶ 329.
[4] Larson Rebuttal Rep't ¶ 330.

Riddle Labs LLC



Downlink Outer Loop Power Control

reports.  This expectation is confirmed from the investigation I performed as part of my effort to fully consider Dr. Larson's opinions.

My investigation to address Dr. Larson's criticisms related to direct logging of SIR target is discussed below in Section 2.

My investigation to address Dr. Larson's criticisms regarding the setting of -3 dB for CPICH Ec/Ior is discussed below in Section 3.  For this investigation, I testing the same Samsung Galaxy S8 for which results were provided in my October 1, 2024, report to compare the results between using CPICH of -3dB to using CPICH of -10dB.  Along with CPICH, the other downlink overhead channel power levels including P-CCPCH, and PICH were set to the levels Dr. Larson referenced from TS 34.121, Table E.3.3.  The overhead channel power level changes do not change the overall conclusions in my previous reports.

My investigation to address Dr. Larson's criticisms regarding my methodology of applying AWGN using 2 dB steps every 1 second is discussed below in Section 4.  To address these criticisms, I performed various testing relating to the same Samsung Galaxy S8 described in my October 1, 2024, report to compare the results between a step-wise increase in noise in 2 dB steps to a smooth change with 0.1 dB steps.  My investigation confirms that reducing the AWGN step size does not change the overall conclusions in my previous reports.

Third, I considered Dr. Larson's opinion that my testing does not ensure that the target SIR has not changed between the end of Stage 1 and the beginning of Stage 2.[5]  Dr. Larson points out perturbations in BLER for the Nokia 6651 and Samsung ZV10 that coincide with when the AWGN is increased in 2 dB steps.[6]  The testing described below in Section 3 addresses the 2 dB step increases in AWGN by modifying the AWGN profile to eliminate large AWGN step increases.  Furthermore, additional testing in Section 5 of my October 1, 2024, report eliminates the time between the end of Stage 1 and the beginning of Stage 2.  To respond to Dr. Larson's criticism, I sought to eliminate the time between Stage 1 and Stage 2. With no time between the stages, the target SIR has no time to change.  My investigation discussed below in Section 5 confirms that Dr. Larson's criticisms are not well-founded that the perturbations in BLER noted by Dr. Larson do not change the overall conclusions in my previous reports

Fourth, I studied the data that Dr. Larson references in TOT00112725-62, which Dr. Larson contends shows excessive power usage and slow SIR target convergence for a Nokia 6630 and Samsung ZV-10.[7]  Dr. Larson suggests, without much explanation, that these results mean that my test results are not a reliable indicator of windup and unwinding behavior.[8]  To explore the SIR target convergence rate in more detail

---

[5] Larson Rebuttal Rep't ¶ 332.
[6] Larson Rebuttal Rep't ¶ 332.
[7] Larson Rebuttal Rep't ¶ 332.
[8] Larson Rebuttal Rep't ¶ 333.

Riddle Labs LLC



Downlink Outer Loop Power Control

specifically to address this criticism, I configured a test where the SIR target is first increased significantly, about 5 dB, and then allowed to converge under the BLER target conditions of 10%, 1.0%, and 0.1%. This investigation confirms SIR target convergence times similar to the ones Dr. Larson references. Therefore, this additional investigation further confirms that Dr. Larson's criticisms regarding the reliability of my test results as showing convergence of target SIR are not well-founded and that no change to the overall conclusions in my previous reports is required. This investigation is explained in Section 6 below.

## 2   Lack of direct SIR target logging

Dr. Larson contends that my testing results are unreliable because I did not log the SIR target maintained internally by the phone.[9] Dr. Larson's so-called criticisms are odd given that, in connection with his opening expert report, he relies on testing using methodology nearly identical to my own, and contended that his own test results showing Ec/Ior over time in addition to BLER as provided by an Agilent 8960 test device (the same that I used) purportedly confirmed infringement by Samsung.

Despite Dr. Larson's about-face, direct logging of SIR target is not necessary to reliably draw the overall conclusions described in my previous reports. Indeed, although the type of downlink power control testing using the Agilent 8960 cannot track target SIR directly, the SIR target value can be inferred by the DPCH Ec/Ior and BLER data. This works well because, from the first principles of WCDMA inner and outer loop power control, we know that (1) the purpose of the inner loop is to achieve an average received SIR that tracks, and ideally, achieves, the SIR target, and (2) the purpose of the outer loop is to set the SIR target to achieve the target BLER.

Based on these principles, when the channel conditions are static (for example an AWGN channel with unchanging AWGN and downlink power levels), we know the following:

a. If the BLER meets the target, the average SIR target is unchanging;
b. If the BLER is higher than the target, the SIR target is either increasing or limited from increasing; and
c. If the BLER is lower than the target, the SIR target is either decreasing or limited from decreasing.

TOT0011725 at section 4.1.1 confirms these conclusions, stating the following with reference to testing with a Samsung ZV-10 device ("*The tool provides received SIR and BLER. No SIR target is available. In any case, **in most circumstances**, the received SIR follows the SIR target and it is possible to study the OLPC with the received SIR measurements.*"  (emphasis added).  Dr. Larson points out **two circumstances** which

---

[9] Larson Rebuttal Rep't ¶ 329.

# Exhibit J

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOT POWER CONTROL, S.L.,<br><br>               Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>and SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>               Defendants. | C.A. No. 21-1305-MN |

**DECLARATION OF JOSHUA S. REISBERG REGARDING
PROCUREMENT OF DEVICES FOR PURPOSES OF TESTING**

I, JOSHUA S. REISBERG, hereby declare as follows:

1.      I am an attorney-at-law in good standing in the State of New York. I am a partner at the law firm Blank Rome LLP, which, together with Young, Conaway, Stargatt & Taylor LLP, represents Defendants Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively, "Samsung").  I make this declaration to identify the chain of custody regarding certain devices procured for purposes of testing performed by Riddle Labs as addressed in the WCDMA Downlink Outer Loop Power Control Test Report on Commercial Devices by Mr. Christopher Riddle dated August 15, 2024.  If called to testify, I could and would testify competently to the following facts.

2.      With the assistance of Michael S. Rubin, an associate at Blank Rome LLP, I facilitated the procurement of multiple 3G WCDMA wireless devices, including a Samsung S22 cellular device, LG U880 cellular device and a Nokia 6651 cellular device.

3.      On January 29, 2024, an LG U880 cellular device was purchased from eBay.com from a seller identified as Daniel Borca a/k/a cellphonesmuseum.com and identified as being located in North Carolina, USA.  The device bears IMEI No. 357050-00-692311-8 and was sold

in used condition.  The device arrived at the offices of Blank Rome LLP on February 8, 2024.

The IMEI number associated with this device was independently confirmed as being associated

with an LG U880 device, as shown in Exhibit A (at p. 15).

4.    On February 2, 2024, a Samsung S22 cellular device was purchased from

eBay.com from a seller identified as West Coast Deals and identified as being located at 11684

Ventura Blvd., Unit 50, Studio City, CA, 91604-2699. The device bears the IMEI No.

356724575503565 and was sold in new condition. The device arrived at the offices of Blank

Rome LLP on February 7, 2024. The IMEI number associated with this device was

independently confirmed as being associated with a Samsung S22 device, as shown in Exhibit A

(at p. 22).

5.    On February 21, 2024, a Nokia 6651 cellular device was purchased from

eBay.com from a seller identified as Radoslaw Lojko a/k/a Radisaijik-0 and identified as being

located in Brześć Kujawski, Poland.  The device bears IMEI No. 010367/00/003127/9 and was

sold in new condition.  The device arrived at the offices of Blank Rome LLP on March 5, 2024.

The IMEI number associated with this device was independently confirmed as being associated

with a Nokia 6651 device, as shown in Exhibit A (at p. 33).

6.    Attached as **Exhibit A** is a true and correct copy of the purchase receipts of each

of the LG U880, Samsung S22, and Nokia 6651 wireless devices referenced above,

photographed images of each of the LG U880, Samsung S22, and Nokia 6651 wireless devices

upon arrival at the Blank Rome LLP office at 1271 Avenue of the Americas, New York, NY

10020 from their respective points of origin, and independent IMEI number confirmations.

7.      On February 22, 2024, the LG U880 and the Samsung S22 wireless devices depicted in Exhibit A were shipped via FedEx to Mark Abramson at 415 Rockcrest Dr., Coppell, TX 75019.

8.      On March 13, 2024, the Nokia 6651 wireless device depicted in Exhibit A was shipped via FedEx to Mark Abramson at 415 Rockcrest Dr., Coppell, TX 75019.

9.      On or around May 28, 2024, the LG U880 and Samsung S22 wireless devices depicted in Exhibit A were sent via FedEx from Mark Abramson at 415 Rockcrest Dr., Coppell, TX 75019 to Christopher Riddle at 13620 Landfair Rd., San Diego, CA 92130.

10.     On July 8, 2024, the Nokia 6651 wireless device depicted in Exhibit A was sent via FedEx from Mark Abramson at 415 Rockcrest Dr., Coppell, TX 75019 to Christopher Riddle at 13620 Landfair Rd., San Diego, CA 92130.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. Executed on this 22nd day of August, 2024 in Sea Cliff, New York.

_____

Joshua S. Reisberg

# Exhibit K

# WCDMA Downlink Outer Loop Power Control

**Responsive Test Report on Commercial Devices**





Downlink Outer Loop Power Control

## Table of Contents

1     Introduction ................................................................................................................ 3

2     Additional WCDMA testing ........................................................................................ 4
    2.1    Phones and Testing Overview ............................................................................. 4
    2.2    Test Setup ........................................................................................................... 5
    2.3    Averaging Analysis .............................................................................................. 6
    2.4    Samsung Galaxy S8 window length 60, AWGN profile 1 ..................................... 6
    2.5    Samsung Galaxy S8 window length 30, AWGN profile 1 ..................................... 9
    2.6    Samsung Galaxy S8 window length 1, AWGN profile 1 ..................................... 11
    2.7    Samsung Galaxy S8 window length 30 AWGN profile 2 ..................................... 13
    2.8    Device comparison: Ec/Ior vs. time .................................................................... 14
    2.9    Additional BLER testing ..................................................................................... 15
    2.10   Samsung Galaxy S8 with AWGN profile 1 ........................................................ 15
    2.11   Additional AWGN profile 2 testing ..................................................................... 16

3     WCDMA Stage 2 Ec/Ior differences .......................................................................... 17

4     cdma2000 testing ...................................................................................................... 20
    4.1    Phones and test equipment ............................................................................... 20
    4.2    Methodology ...................................................................................................... 21
    4.3    Results .............................................................................................................. 22
    4.4    Conclusions from cdma2000 testing .................................................................. 25

5     Stage 2 Ending SIRtarget independence .................................................................. 26

6     Overall conclusions .................................................................................................. 29

7     Exhibits ..................................................................................................................... 31

8     Reservation of Rights ............................................................................................... 32

Riddle Labs LLC



Downlink Outer Loop Power Control

# 1 Introduction

My name is Christopher Cooper Riddle, the same person who submitted an opening report dated August 22, 2024. I am being compensated at a rate of $250 per hour. I have no financial interest in this litigation and my compensation is not contingent on the conclusions I have drawn as a result of tests I have performed or affected by the outcome of this matter. My CV is attached as Exhibit 1 to my August 22, 2024 report, which lists patents on which I am a named inventor. I have not testified as an expert at trial or by deposition in the past four years. I have not authored any publications in the past 10 years. In addition to the materials I considered as identified in my August 22, 2024 report and in Exhibit 3 to that report, I have also considered for purposes of reaching my conclusions addressed in this report the additional materials listed in Exhibit 15.

This report describes certain investigations I undertook following the submission of the opening expert report of Dr. Lawrence Larson on August 23, 2024.

First, I reviewed Dr. Larson's report as well as the reports submitted by Ocean Tomo and Claude Royer Consultant Inc. ("CRC-I") reports attached to Dr. Larson's report as Exhibits E-G.

Second, I performed various testing relating to the Samsung Galaxy S8 addressed in Dr. Larson's report using the methodology described in my August 22, 2024 report. I was able to acquire a Samsung Galaxy S8 with the same exact model number, kernel version, and build number as the device tested by Ocean Tomo as reflected in Exhibit E of Dr. Larson's opening report. As confirmed by my testing, and as detailed below, the Ec/Ior and BLER measurements for the Samsung Galaxy S8 exhibit the same general behavior as the other tested devices in connection with my August 22 report, including with respect to functionality relating to SIRtarget during unwinding. As detailed below, at the start of the unwinding and all through Stage 3a, the SIRtarget is significantly higher than it was in the normal Stage 1 mode for the Samsung Galaxy S8 in the same way as the other devices I have tested so far.

Third, I investigated certain differences I observed in Stage 2 between the Samsung Galaxy S8 and devices incorporating Qualcomm's MSM6250 chipset that are described in my August 22, 2024 report. I address this investigation in Section 3, below.

Fourth, I performed comparative testing based on the CDMA2000 standard, which pre-dates WCDMA. I was asked to perform such testing to address Dr. Larson's opinions suggesting that the difference in functionality between Ec/Ior observed through WCDMA testing and Ec/Ior observed through CDMA2000 is due to the implementation of certain functionality in the accused devices that Dr. Larson contends is supplied by the claimed inventions in U.S. Patent No. 7,532,865 (the "'865 patent"). Larson Opening Report ¶¶ 165-169; see also Larson Opening Report ¶ 70 ("These test results are consistent with the other evidence I have discussed above regarding how the OLPC algorithm operates

Riddle Labs LLC



Downlink Outer Loop Power Control

in the Accused Products."). My testing described below confirms that this is not true and that devices sold in the U.S. both before and after 2005 observe the same CDMA2000 functionality and that the differences between CDMA2000 and WCDMA functionality is not attributable to the accused Samsung devices. I address this investigation in Section 4, below.

Fifth, I investigated if the SIRtarget value at the end of the test's emulation of windup depends on the SIRtarget value immediately before the test's emulation of windup. This was done by increasing the SIRtarget using a fading simulation to four different average values before windup and testing the average SIRtarget values after windup. I address this investigation in Section 5, below.

I wish to note that I have been informed by Samsung's lawyers that, after the submission of Dr. Larson's report on August 23, 2024, TOT agreed that Dr. Larson would not rely on the testing described in his reports or in the attached exhibits for any purpose. Accordingly, I express no opinions in this report regarding the accuracy, sufficiency, or reliability of the testing on which Dr. Larson relied for purposes of providing opinions in his August 23, 2024 report. I reserve the right to offer such opinions if Dr. Larson later relies on any such testing.

# 2  Additional WCDMA testing

## 2.1  Phones and Testing Overview

In response to Ocean Tomo's testing of a Samsung Galaxy S8, and opinions rendered by Dr. Larson regarding the downlink power and OLPC functionality in the Galaxy S8 and other accused Samsung devices, I sought to perform additional testing on the Galaxy S8.[1]  I acquired a Samsung Galaxy S8 for testing and performed additional tests on the same Samsung Galaxy S22 and Samsung Galaxy S9 which were included in the August 22 report to ensure a proper comparison among all tested devices. Those tests are described in Sections 2.3 - 2.11.

I also performed additional testing specifically to investigate the general proposition that Dr. Larson appears to draw regarding the Samsung Galaxy S8 and other products that TOT accuses of infringement—specifically, that following unwinding, downlink power and SIRtarget, due to software implemented in those products, return SIRtarget to levels observed in normal mode prior to wind-up.  Larson Opening Report ¶¶ 157-172. Those tests are described in Section 2.12.

Figure 1 shows the Samsung Galaxy S8 that I acquired. The device was acquired on eBay from uki-mobile and shipped by FedEx directly to my business address in San

---

[1] The Galaxy S8 described in the Ocean Tomo report (Exhibit E to Dr. Larson's opening report) is not the same device that TechPats tested as part of the HAU-104 report included in TOT's infringement contentions. I understand that in September 2023, TechPats was acquired by Ocean Tomo. Accordingly, it is no surprise that the HAU-106 and HAU-104 test reports appear identical other than the devices tested and small differences in test results.



Downlink Outer Loop Power Control

Diego, CA on July 6, 2024, and was received in good condition (i.e., no apparent damage to packaging or package contents).  As shown in Table 1, the hardware model number and software build numbers are the same.

**Table 1.  Samsung Galaxy S8 comparison**

| Samsung Galaxy S8 | Model number | Build number |
|---|---|---|
| Ocean Tomo | SM-G950U | PPR1.180610.001.G950USQU8DUD3 |
| Riddle Labs | SM-G950U | PPR1.180610.001.G950USQU8DUD3 |



**Figure 1.  Riddle Labs Samsung Galaxy S8**

## 2.2  Test Setup

The same test lab, configuration, and underlying methodology as in my August 22, 2024 report was followed. Sections 2, 3.2, 3.3, 3.5, 4.1, and 4.2 from the August 22 report are incorporated by reference herein. Before collecting the additional data, the Agilent 8960 self test routine was run and passed.

Riddle Labs LLC

# Exhibit L

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TOT POWER CONTROL, S.L.,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.,

        Defendants.

C.A. No. 21-cv-1305-MN

**Expert Report of Harry V. Bims, Ph.D.**
**Concerning the Non-Infringement of U.S. Patent Nos. 7,496,376 and 7,532,865**



i

# Exhibit M

**Richard Lin**

| | |
|---|---|
| **From:** | Reisberg, Josh S. <Josh.Reisberg@BlankRome.com> |
| **Sent:** | Thursday, September 19, 2024 7:22 PM |
| **To:** | Strapp, Michael G.; Castellano, Jeff; Hillary Bunsow; Miller, Tiffany |
| **Cc:** | TOT_Power; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power; DLA-Apple-TOT-Power; CM-200771-00603-BlankRome-Samsung-TOT-Power; Adam W. Poff (apoff@ycst.com) |
| **Subject:** | RE: [TOT Power] Meet and confer re testing |

> [EXTERNAL]

Hillary,

Samsung agrees that it will not seek disclosure of the data underlying the testing Dr. Larson relied on in his opening reports now that TOT has agreed that Dr. Larson will not rely on the testing in his reports for any purpose.  Samsung considers the paragraphs and exhibits set forth in your September 17 email below withdrawn from Dr. Larson's report.

Thanks,
Josh

**Joshua S. Reisberg** | BLANKROME
1271 Avenue of the Americas | New York, NY 10020
O: +1.212.885.5553 | M: +1.917.991.9550 | josh.reisberg@blankrome.com

---

**From:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Sent:** Thursday, September 19, 2024 3:34 PM
**To:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>; Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Miller, Tiffany <tiffany.miller@us.dlapiper.com>
**Cc:** TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: [TOT Power] Meet and confer re testing

Hillary,

Apple also agrees to TOT's proposal that Dr. Larson will not rely on the testing in his reports for any purpose if Apple withdraws its request for the data underlying those tests.  Apple too considers the paragraphs and exhibits set forth in your September 17 email below withdrawn from Dr. Larson's report.

Regards,

Michael


Michael Strapp

Partner

T  +1 617 406 6031
F  +1 617 406 6174
M  +1 917 518 3828
michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Castellano, Jeff <Jeff.Castellano@us.dlapiper.com>
**Sent:** Thursday, September 19, 2024 9:31 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Miller, Tiffany <tiffany.miller@us.dlapiper.com>
**Cc:** TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: [TOT Power] Meet and confer re testing

Hillary,

LGE agrees to TOT's proposal that Dr. Larson will not rely on the testing in his reports for any purpose if LGE withdraws its request for the data underlying those tests.  We will consider the paragraphs and exhibits set forth in your email below withdrawn from Dr. Larson's report.

Best,
Jeff

Jeff Castellano
Of Counsel

T  +1 302 468 5671
F  +1 302 691 4771
M  +1 570 814 9591
jeff.castellano@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Tuesday, September 17, 2024 3:32 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Miller, Tiffany <tiffany.miller@us.dlapiper.com>
**Cc:** TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: [TOT Power] Meet and confer re testing

⚠ **EXTERNAL MESSAGE**

Michael,

2

These are the portions of Dr. Larson's reports that we propose Dr. Larson will not rely on:

Opening report for Apple: Exhibits F, G, H, I, and paragraphs 170, 172-176, 268-271

Opening report for LG: Exhibits E, F, G, and paragraphs 167, 169-171 (plus paragraphs 58-59 on pp. 82-83, which were misnumbered)

Opening report for Samsung: Exhibits E, F, G, and paragraphs 165, 167-171



**Hillary N. Bunsow**

*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Sent:** Tuesday, September 17, 2024 7:06 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Miller, Tiffany <tiffany.miller@us.dlapiper.com>
**Cc:** TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: [TOT Power] Meet and confer re testing

**[EXTERNAL]**

Hillary,

We write to request additional information about your proposal for Dr. Larson not to rely on tests in his reports for any purpose if the Defendants withdraw their request for the underlying data. In particular, could you please specify the paragraphs and exhibits in Dr. Larson's report (separately for each defendant) that you agree Dr. Larson will not rely upon for any purpose. In addition, could you please confirm that Dr. Larson will not offer any testimony at trial regarding the paragraphs or exhibits in his report that you identify.

Regards,

Michael

**Michael Strapp**
Partner

T  +1 617 406 6031
F  +1 617 406 6174
M  +1 917 518 3828
michael.strapp@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Monday, September 16, 2024 2:22 PM
**To:** Reisberg, Josh S. <Josh.Reisberg@BlankRome.com>; Miller, Tiffany <tiffany.miller@us.dlapiper.com>
**Cc:** TOT_Power <BDIP_TOT_Power@bdiplaw.com>; TOTHausfeldTeam@hausfeld.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com; DLA-LGE-TOT-Power <DLA-LGE-TOT-Power@us.dlapiper.com>; DLA-Apple-TOT-Power <DLA-Apple-TOT-Power@us.dlapiper.com>; CM-200771-00603-BlankRome-Samsung-TOT-Power <BlankRome-Samsung-TOT-Power@BlankRome.com>; Adam W. Poff (apoff@ycst.com) <apoff@ycst.com>
**Subject:** RE: [TOT Power] Meet and confer re testing

⚠ **EXTERNAL MESSAGE**

Counsel:

With regard to your narrowed request for test data underlying (1) the TechPats testing identified in the Complaint; and (2) the new tests relied on in Dr. Larson's reports, TOT responds as follows:

1.  The time for moving to compel the data underlying the TechPats testing set forth in the Complaint has long ago passed.  Defendants had a full and fair opportunity to pursue the discovery during fact discovery, and in fact served subpoenas on TechPats.  If defendants wanted to pursue the data underlying those tests, the mechanism to do that was to move to enforce the subpoenas during fact discovery.  The same reasoning applies to the fact that the tests were cited in the infringement contentions.  Those contentions were served in February.  If defendants thought that citing the TechPats reports in the February contentions was a basis to compel the underlying data, the window for doing so closed at the end of fact discovery.  The fact that the infringement contentions were listed as considered in Dr. Larson's materials considered list does not change this analysis, or create some new reason to compel underlying data that he never reviewed.  It is untimely to even request this information now much less threaten court intervention.

2.  With regard to the data underlying the tests relied on in Dr. Larson's reports, we offer the following compromise:  Dr. Larson will not rely on those reports for any purpose if the Defendants withdraw their request for the underlying data.   If Defendants are amenable to this compromise, this should end this dispute.  Please advise.

Best regards,

Hillary



**Hillary N. Bunsow**
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o | +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com | hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination,